Brown *vs.* Tucker.

THOMAS H. BROWN, administrator, plaintiff in error, *vs.* JAMES D. TUCKER, defendant in error.

1. To subject trust property, at law, to the payment of a debt for which it may be liable, the mode pointed out by the Code, section 3301 *et seq.*, must be pursued. and the trustee, or, if none, the *cestui que trust* be made a party defendant.

2. Where a trustee. holding realty in trust for the benefit of another, under a deed which makes no mention of his legal representatives, dies, the trust does not devolve upon his representatives so as to make them proper parties defendants to a suit, for a debt due by the trust property. If such suit be brought, and they permit judgment to go against them, the trust property cannot be sold under an execution issued on the judgment.

3. One who silently stands by and permits another to purchase his property, without disclosing his title, is not guilty of such a fraud as estops him from subsequently setting up such title against a purchaser with notice. Section 2915 of the Code only operates in favor of a *bona fide* purchaser without notice.

4. Where a trustee dies and no successor is appointed, and it becomes important, in a suit against the *cestui que trust*, to offer the trust deed in evidence, it is not sufficient, if the deed be lost, to show that search has been made among the papers of the deceased trustee, and that it could not there be found, to let in secondary evidence. The party

seeking to introduce the evidence should go further and notify the *cestui que trust* to produce the deed.

Complaint for land. Equitable count. Trust. Succession. Estoppel. Presence at sale. Secondary evidence. Before Judge ANDREWS. Oglethorpe Superior Court. April Adjourned Term, 1872.

Thomas H. Brown, as administrator upon the estate of John S. Fleeman, deceased, brought complaint against James D. Tucker for a certain tract of land in the county of Oglethorpe, and for the rents and profits of the same from January 1st, 1869, of the yearly value of $75 00. To the declaration an equitable count was attached, containing, substantially, the following allegations, to-wit:

That John S. Fleeman, deceased, was, at the January adjourned term, 1862, of the Superior Court of said county, appointed by a decree in equity trustee of Cynthia C. Tucker, as to her separate estate, and was by said decree directed to purchase for the use of said *cestui que trust*, subject to the limitations in said decree specified, the tract of land whereon said Cynthia C. then resided, the same being the tract of land sued for; that in pursuance of said decree, said trustee purchased from William M. Lane said land for the sum of $1,200 00, and took a deed to the same, dated March 12th, 1862, giving his note as trustee for the purchase money, bearing even date with said deed; that on May 20th, 1863, a payment of $1,000 00 in Confederate money was made on said note; that the trustee and the *cestui que trust* both having died, suit was commenced by said Lane for the balance against George W. Cunningham, as administrator, and Elizabeth O. Fleeman as administratrix of John S. Fleeman, trustee, deceased, and judgment obtained therefor at the April term, 1866, of the Superior Court of said county; that the judgment recovered was for the sum of $314 62, principal, and $64 20, interest; that the execution based upon said judgment was levied upon said land, and the same was sold on the first Tuesday in January, 1868, and bid off by George W. Cunningham at the sum of

$250 00, to whom the sheriff executed a deed; that petitioner purchased said land from said Cunningham at and for the same price, and received a deed dated March 2d, 1868; that the defendant, James D. Tucker, was the husband of said Cynthia C., and her sole heir-at-law; that he now insists that the sale of said land was invalid, and that no legal title passed, because of certain alleged defects and irregularties appearing upon the face of said judgment; that acting under this impression, said defendant re-entered upon said tract of land without authority of law and ousted petitioner therefrom; that as said land was purchased by said trustee, in pursuance of a decree in equity, and was sold to pay the purchase money for the same, under the forms of law, at a fair public sale as aforesaid, the defendant being present and consenting thereto, there exists an equity in favor of the title of your petitioner, who holds under the said George W. Cunningham, notwithstanding the alleged invalidity of the said judgment and sale as aforesaid; that William M. Lane, the vendor of said land, had in equity a lien on the same for the payment of said note, given for the purchase money, and that in justice and equity said purchaser, George W. Cunningham, and petitioner, who holds under him, should be subrogated to all the rights which the said Lane had against said land.

It appeared, from the evidence, that the decree under which John S. Fleeman, as trustee, purchased said land was obtained as follows, to-wit: In November, 1860, Cynthia C. Tucker filed a bill in Oglethorpe Superior Court against the administrators of her father, and also her husband, for what is known as the wife's equity in land, of the value of $6,000 00, and personalty of the value of $31,726 80, in possession of said administrators, in which complainant had a one-tenth interest; the bill was not answered, and in the month of June, 1862, at an adjourned term, the following decree was taken, to-wit:

" We, the jury, find that the complainant, Cynthia C. Tucker, is entitled to one equal tenth part of the entire estate of her deceased father, Thomas Fleeman, and we decree that James P. Fleeman and John S. Fleeman, administrators

of said deceased, do pay said portion or distributive share to John S. Fleeman, trustee for the said Cynthia C. Tucker. We appoint the said John S. Fleeman as trustee, and we appoint the said John S. Fleeman for and in behalf of the said Cynthia C. Tucker, to receive and hold the said portion or share of her father's estate for the separate use of the said Cynthia C. Tucker, during her natural life, and at her death, to such child or children and the representatives of such child or children as she may leave at her death, such child or children that may be dead to take *per stirpes.* We further decree that the taxed cost of this proceeding in this Court, and also $200 00, the fees of complainant's counsel, be paid out of said funds, that is to say, $100 00 to E. C. Shackleford, and $100 00 to Lofton & Smith. And we further require that said John S. Fleeman enter into bond and security in double the estimated amount of said fund or portion of property, to his Excellency, the Governor of this State and his successors in office, to be approved by the clerk of this Court, for the faithful performance of this trust. And we further decree that the said John S. Fleeman, and any future trustee that may succeed him, have the power, by and with the consent of said Cynthia C. Tucker, to invest any cash funds that may come into his hands of the said Cynthia C. Tucker's in such property as they both think best for the interest and support of the said Cynthia C. Tucker, and also to sell any property that may come into the said trustee's hands, by and with the like consent of the said Cynthia C., and invest the proceeds of the same, both subject to the limitations and restrictions as aforesaid. And we further decree that the said trustee purchase the tract of land whereon the said complainant now resides, for the use of the said Cynthia C., with the liabilities and limitations above stated."

The declaration in the suit of William M. Lane against the administrator and administratrix of John S. Fleeman, trustee, was in the ordinary form of complaint, and neither the judgment nor the execution based thereon specified the property out of which the money was to be made. The evidence

made substantially the case set forth in the declaration. The jury returned a verdict for the plaintiff. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in admitting in evidence, the defendant objecting, the registry of the deed from William M. Lane to John S. Fleeman, the trustee of Cynthia C. Tucker, upon a showing by the plaintiff that he had searched through the papers of John S. Fleeman, deceased, for the deed and could not find the same, the plaintiff stating at the same time that he had not inquired of James D. Tucker for the missing instrument.

2d. Because the Court erred in charging the jury as follows, to-wit: "That the undertaking of John S. Fleeman in the note that he gave to William M. Lane for the land in controversy was not his personal liability, but was the liability of the trust estate, and that such judgment upon the same as was given in evidence, bound the trust estate."

3d. Because the Court erred in charging the jury as follows, to-wit: "That George W. Cunningham and Thomas H. Brown, holding under him, were subrogated to the rights of William M. Lane, the creditor, for the purchase money against the land in controversy."

4th. Because the Court erred in charging the jury as follows, to-wit: "That at the death of John S. Fleeman, the trustee, the trust devolved upon his representatives, and that Lane, the creditor, as his debt was for the purchase money, could sue these representatives and obtain a judgment, such as that given in evidence, which would bind the land in controversy even against James D. Tucker; that John S. Fleeman had such a title to the premises that if a judgment was obtained against his representatives for the purchase money of the land, it could sell the land."

5th. Because the jury found contrary to the following charge of the Court, to-wit: "That if the execution did not specify in its body this land to be levied on, it could not be lawfully levied on it," the Court at the same time charging,

"that if the defendant was present at the sale and did not object to it, he was bound by the sale."

The Court sustained the motion and ordered a new trial.

The plaintiff excepted, and assigns said ruling as error upon each of the aforesaid grounds.

J. D. MATHEWS; E. C. SHAKLEFORD; MILES W. LEWIS, for plaintiff in error.

REID & MORTON, for defendants.

MONTGOMERY, Judge.

In addition to the facts mentioned by the Reporter, the following is true: Cynthia C. Tucker died in 1862, leaving no children or representative of children her surviving; the deed from Lane to John S. Fleeman, as trustee, conveyed to John S. Fleeman alone, no mention being made in it of his representatives; and at the time the judgment was obtained against the administrators of Fleeman by Lane, there was no longer any necessity for a continuance of the trust, except in so far as outstanding debts due by the trust estate may have constituted it a subsisting trust for their payment.

1. Either the land in controversy was, at the time of Lane's suit, trust property, or it was not. If it was not, then Tucker owned it by virtue of the deed from Lane to Fleeman, as trustee for Mrs. Tucker, (*Logan vs. Goodall*, 42 *Georgia*, 114,) or as the owner, by virtue of the marital right, of his wife's reversionary interest, after the trust estate had been carved out of her share in her father's estate. The purposes of the trust having ceased to exist by the death of Mrs. Tucker without children, this latter was probably the real status of the property, (if Tucker acquired it as heir to his wife, the result would be the same,) and Tucker held it divested of any trust except that creditors of the trust estate might possibly still treat it as a subsisting trust in his hands for the payment of their debts. And even this may be debatable, except as to Lane's vendor's lien. But assuming that the trust still existed, for all pur-

poses, who was the trustee? Certainly not the administrators of the dead trustee. They are neither named in the decree creating the trust, nor in the deed. If the trusteeship remained in the Fleeman line (so to speak) at all, it descended to his heirs, and if there was any *cestui que trust*, it was Tucker. Neither Fleeman's heirs, nor Tucker, were made parties to Lane's suit to recover the balance of the purchase money. Here is the first fatal defect in Lane's judgment, so far as it is sought to be maintained as a judgment against the trust property. Again, the execution fails to specify the trust property. It is, therefore, void, as an execution against that property: *Wright vs. Watson*, 30 *Georgia*, 648. And yet it is a necessary link in the plaintiff's chain of title. Another fatal defect in Lane's judgment, as against the trust estate, is, that the declaration fails to set forth the name of the only *cestui que trust* then living, assuming the trust still to have existed. The suit was against the administrators "of John S. Fleeman, deceased, trustee for Cynthia C. Tucker," long after the death of Mrs. Tucker. And yet hers is the only name mentioned in the declaration as a beneficiary under the trust.

2. Inclining, as we do, to the opinion that the legal title did not descend even to the heirs of Fleeman, (*Logan vs. Goodall*, 42 *Georgia*, 115,) we are very sure it did not to his legal representatives. Hence, as a suit to subject trust property, Lane's action utterly fails to form a necessary link in plaintiff's title. The chapter of the Code upon this subject is complied with in no essential particular. It follows that no legal sale of the trust property could take place under Lane's judgment. It is said that Lane held the vendor's lien, and that, inasmuch as the plaintiff paid that by his purchase at the sale, he is subrogated to Lane's rights. Concede it, could Lane have brought ejectment and recovered on his vendor's lien? If the plaintiff has Lane's lien, let him enforce it, as Lane must have done. There may possibly be some defense to that lien, which, if the proper person were sued, could be successfully set up.

3. Section 2915 of the Code we think but an embodiment of the law, as it stood before the adoption of the Code. When one already has notice, where the necessity of repeating that notice to him? *Patterson vs. Esterling*, 27 *Georgia*, 205.

4. Proper diligence required the plantiff to seek the deed wanted as evidence in the hands of him who was the legal custodian of it, upon the death of the trustee. Tucker should have been notified to produce it.

Judgment affirmed.