## SMITH v. HOLBROOK, GLAZIER & CO.

*Lumpkin, J.*—1. Where a clerk, who was left in general charge of a mercantile establishment during the absence of the proprietor, ordered goods appropriate to the conduct of the business which were received and placed in stock, and the proprietor, upon ascertaining these facts, did not, within a reasonable time, countermand the order and offer to return the goods, he was bound to pay for the same, although in the first instance the clerk may have transcended his authority in ordering the goods, it appearing that his want of authority was unknown to the seller.

2. Under the pleading act of 1893, a mere plea of "not indebted," it being simply a plea of the general issue, does not in law amount to a denial of averments distinctly and plainly made in the plaintiff's petition, and all such averments not otherwise denied are to be taken as *prima facie* true.

3. Accordingly, where the action was upon an open account, with appropriate allegations, a plea of the nature above indicated raised no issue as to the correctness of the amount of the account sued upon.

4. The contents of letters cannot be proved by parol, notwithstanding the fact that they were addressed to and remained in the possession of a non-resident plaintiff, no notice to produce the same having been served upon the local attorney of such plaintiff. As their production could have been compelled in this manner, the letters were not "inaccessible."

5. There was no error in directing a verdict for the plaintiff.

July 20, 1896. By two Justices.        *Judgment affirmed.*

Appeal. Before Judge Sweat. Ware superior court. November term, 1895.

The plaintiffs, of Hartford, Conn., sued W. J. Smith upon an account for shoes. The court directed a verdict in their favor, and overruled defendant's motion for a new trial. In addition to the plea of not indebted, he set up that the bill of goods sued for was ordered by a clerk in his store without his knowledge or authority, and before a partnership was formed between him and one Kimbrough; and before said goods were shipped to defendant, he countermanded said order, but the goods were shipped and re-

ceived at the store of said firm; whereupon they notified plaintiffs that they would handle the goods only for plaintiffs' account and would not be held liable for the same, and that if this was agreeable to plaintiffs they could advise them to that effect, otherwise the goods would be held by said firm subject to plaintiffs' order; and that plaintiffs never replied to said notification, and said firm have since held the goods subject to plaintiffs' order, and now have them in their possession subject to the order of plaintiffs. At the trial plaintiffs relied upon the admissions contained in the foregoing plea. Defendant testified: The bill of goods mentioned in the account was not ordered by me but, as I afterwards learned, by a clerk employed in my store, without my authority. They were ordered just before, and received after, the partnership had been entered into with Kimbrough, and were opened and placed upon the shelves. I do not know if any were sold or not. On my return after my absence I found the goods, but would not permit any of them to be sold, and they were held subject to plaintiffs' order. I took Kimbrough into the business as a partner, and these goods remained at the store as plaintiffs' property, but were not offered for sale. Afterwards the business was sold out to a corporation (named), in which I am a stockholder, but said goods were not included in the sale, but were left in charge of the corporation for safe-keeping, subject to plaintiffs' order. They are still in possession of said company, and I am prepared at any time to deliver the same to plaintiffs. I offered to return them to plaintiffs' counsel before the suit was brought. I did not at any time ratify the act of the clerk in ordering the goods.

In addition to the general grounds, error is assigned upon the refusal of the court to allow defendant to testify that he had written a letter to plaintiffs, stating that the goods were ordered without his authority and would be held subject to their order.

*Leon A. Wilson*, for plaintiff in error.
*Hitch & Myers*, contra