*L. E. Heath,* contra.

---

## BUSK *v.* WOLF & COMPANY.

ATKINSON, J. 1. There was no error in refusing to postpone the trial of the case.

2. The following contract was the basis of an action to enjoin the defendant from engaging in business in violation of its terms. "Glynn County, Georgia. This agreement entered into on this the thirty-first day of March, 1913, by and between C. Busk, as party of the first part, and F. Wolf & Company, a firm composed of F. Wolf and S. Abady, as parties of the second part, all of said County and State, witnesseth: That whereas the parties of the second part, for and in consideration of the sum of one thousand ($1000.00) dollars, have this day purchased the business of said first party, and having paid the full amount of the

purchase-price of one thousand ($1000.00) dollars, the party of the first part agrees in consideration of this sale not to engage, either directly or indirectly, in the clothing, tailoring, or other business of like character in the City of Brunswick, Glynn County, Georgia, for a period of three (3) years from this date. The party of the first part agrees, that if he should engage in the tailoring or clothing business in said City of Brunswick within the next three years after date, to give to the said parties of the second part all profits received in said business so conducted by him. In witness whereof we have hereunto set our hands and affixed our seals on this the day and year first above written." (Signed by the parties.) *Held*, that the contract was not void as being in restraint of trade, or as being unreasonable. *McAuliffe* v. *Vaughan*, 135 *Ga.* 853 (70 S. E. 322, 33 L. R. A. (N. S.) 255, 22 Ann. Cas. 290) ; *Floding* v. *Floding*, 137 *Ga.* 531 (73 S. E. 729).

(*a*) The case is not controlled by the act of 1896 (Ga. L. 1896, p. 68), if that act (which is not embodied in the Civil Code of 1910) is valid and in force.

3. The provision that if the vendor should operate another business of the character above mentioned he should pay the profits thereof to the vendee would not prevent an injunction, there being evidence to show that the vendor was not financially responsible in damages, and that he declined to give any account of the profits, and that it was impracticable to show the exact amount of loss that would be sustained by the continuance in business of the vendor.

4. While the evidence was conflicting, there was no abuse of discretion in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 12, 1915.

Injunction. Before Judge Conyers. Glynn superior court. February 28, 1914.

*F. H. Harris, R. W. Durden,* and *Bolling Whitfield,* for plaintiff in error. *A. H. Crovatt* and *A. D. Gale,* contra.