## 7126.   SIKES *v.* HURT & CONE.

RUSSELL, C. J.   1. That the trial judge, several days after the overruling of a written motion to dismiss the plaintiffs' action, allowed an amendment, which perhaps cured the defects in the petition, and that thereafter a judgment was rendered for the plaintiffs, can have no bearing on the decision of the question whether it was error for the court to overrule the motion to dismiss upon the previous occasion. For this reason the copies from the files of the lower court, which were sent up under a suggested diminution of the record, must be stricken at the cost of the defendants in error.

2. A general motion to dismiss an action (which may be presented at any time or term) can not, at least after the appearance term, perform the office of a special demurrer, though it may be used as a substitute for a general demurrer. The original petition was subject to special demurrer, but was sufficient to withstand a general demurrer. It embraced two demands alleged to be due by the defendant to the plaintiffs, and even if a motion to strike the first item of indebtedness had been

good upon the ground that this portion of the plaintiffs' demand was upon its face barred by the statute of limitation, the lower court could not with propriety have sustained the motion to strike the whole petition, and have ordered a dismissal of the action, when another item of the alleged indebtedness was apparently not barred.

(a) The motion to strike the petition on the ground of misjoinder was not well taken, inasmuch as there was enough in the petition to show that the money alleged to have been advanced to the defendant was in fact the money of the plaintiff partnership, and was advanced by the partnership to the defendant, and the allegations were sufficient to explain the receipt which had been taken in the name of only one of the partners. Consequently the trial judge did not err in overruling the motion to dismiss. *Judgment affirmed.*

DECIDED MAY 30, 1916.

Complaint; from city court of Atlanta—Judge Reid. October 28, 1915.

*J. R. Bedgood, J. S. James,* for plaintiff in error.
*Owens Johnson, R. E. L. Cone,* contra.