*S. T. Wingfield* and *R. C. Jenkins,* for defendant.

---

## LATHEM *et al.* v. ODELL.

On the pleadings and the conflicting evidence, the grant of an interlocutory injunction was not error.

No. 6409. MARCH 15, 1928.

Injunction. Before Judge Sutton. Hall superior court. November 16, 1927.

Injunctions, 32 C. J. p. 134, n. 74; p. 187, n. 57.
Landlord and Tenant, 35 C. J. p. 1223, n. 10.

W. N. *Oliver* and H. H. *Perry,* for plaintiffs in error.

*Wheeler & Kenyon,* contra.

GILBERT, J. The exception is to the grant of an interlocutory injunction. The petition of F. G. Odell made substantially the following case: He is old and infirm, he owns the dwelling upon described property in Gainesville. He entered into a contract with Lee Lathem and his mother, Lethia Lathem, under which the two were to move into his home to "look after him." He was to pay $30 a month board and furnish said home to Lee Lathem so long as petitioner was satisfied to live with him, or so long as said Latham might be willing to continue said arrangement. Under the agreement Mrs. Lathem was to prepare petitioner's meals, have his clothing washed, care for his room and bed, and see that he was made comfortable. Soon after the Lathems moved in, Mrs. Lathem began to scold and abuse petitioner, refusing to perform her part of the agreement, and threatening to keep possession of his place regardless of him, and began conspiring with her son to obtain all of petitioner's property. She refused to provide him wholesome food. He demanded possession of them, but they refused to give it; and then he was forced to leave, for fear of harm to himself. The Lathems have no right or title in said property; they have violated their agreement, and they insist that Mrs. Lathem owns said home. They are trespassers, but petitioner has no legal remedy, and will suffer irreparable loss unless resort be had to equity. He sued out dispossessory proceedings; defendants filed a counter-affidavit denying they held the property under petitioner, and filed a bond; but neither of defendants nor their bondsman owns property out of which damages might be realized. Plaintiff prayed for injunction to prevent defendants from continuing upon said premises or interfering with his possession and occupancy. The defendants answered with general denial of cruel treatment toward petitioner, setting up the agreement by which they contend they were to have the actual possession, but denying that this depended upon petitioner's remaining satisfied to remain in the same house with them. They alleged that petitioner resided in defendants' home a while, and then insisted they move into his house; that it was a part of said agreement that if Mrs. Lathem would care for the wants of petitioner, she was to have his home at his death; and that defendants have discharged their

agreement in good faith. Evidence introduced on the hearing tended to uphold the contentions of both sides. The court ordered that the defendants, until the trial of the case on its merits, be restrained and enjoined from continuing to occupy the premises described in the petition, and from in any way interfering with plaintiff in his right to occupy said premises, and from remaining on or going upon said premises, contrary to the will and wishes of plaintiff.

1. The court was authorized to find from the evidence, although it was conflicting, that the defendants were mere employees contracting to render personal services to petitioner while occupying his home free of rent; that under the terms of the agreement the petitioner had the right to terminate the same and had elected to do so, giving full notice to the defendants. Being warranted in finding that the contract had been terminated, the court did not err in rendering the above judgment.

2. "Injunction is not generally a remedy to evict a defendant from possession of land and put the plaintiff in possession. *Glover* v. *Newsome,* 134 *Ga.* 375 (67 S. E. 935) ; *Brown* v. *Toole,* 150 *Ga.* 196 (103 S. E. 226) ; *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857) ; *Trudie Turpentine Co.* v. *Pearson,* 159 *Ga.* 387 (125 S. E. 862). This rule does not apply where the defendant is a mere employee of the plaintiff, and not a technical lessee. *Mackenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723) ; *Marshall* v. *Matthews,* 149 *Ga.* 370 (100 S. E. 103). Injunction is an appropriate remedy in a proper case to prevent acts in violation of contract, producing irreparable injury to the plaintiff, or to prevent a tenant from willfully injuring a rented building." *English* v. *Little,* 164 *Ga.* 805 (139 S. E. 678). *Judgment affirmed. All the Justices concur.*