## REID *v.* BRYANT.

DUCKWORTH, Chief Justice. 1. While the purchase of the service-station premises might alone constitute sufficient consideration for the verbal agreement of the seller not to operate a similar business on his adjoining land for a period of eight and one-half years (*Langenback* v. *Mays,* 205 *Ga.* 706, 54 S. E. 2d, 401), yet the mutual obligations under the verbal agreement constituted consideration to support the contract which became binding upon each, prohibiting the seller from operating a service station on his land adjoining that sold for eight and one-half years, and the buyer from operating a beauty parlor or taxi business on the purchased premises for a like period, and this was a separate independent agreement. It follows that the petitioner is not entitled to reformation of the deed to merge the collateral oral agreement therein. *Quiggle* v. *Vining,* 125 · *Ga.* 98 (54 S. E. 74); *Rawson* v. *Brosnan,* 187 *Ga.* 624 (1 S. E. 2d, 423); *Brooks* v. *Northwestern Mutual Life Ins. Co.,* 193 *Ga.* 522 (18 S. E. 2d, 860).

2. If the seller breached his contract by operating a service station upon the land adjacent to the land sold within the period of eight and one-half years, the buyer could either accept the breach and sue for damages, or he could waive the tort and sue to enforce the contract. Code, § 105-105. But he can not collect in damages the full value of the contract and—in the same suit—compel performance of that contract. The amended petition, however, shows no more than a threat by specified acts' to breach the contract and seeks to prevent the same by injunction, and, hence, this portion was sufficient to withstand the general demurrer and the court did not err in overruling the same. *Spier* v. *Lambdin,* 45 *Ga.* 320; *Busk* v. *Wolf & Co.,* 143 *Ga.* 18 (84 S. E. 63); *Wells* v. *First National Exhibitors' Circuit,* 149 *Ga.* 200 (99 S. E. 615); *English* v. *Little,* 164 *Ga.* 805 (139 S. E. 678); *Lathem* v. *Odell,* 166 *Ga.* 187 (142 S. E. 558).

3. The second count, seeking damages, expressly attempts to embody therein paragraphs one through twenty-four as amended of count one by merely listing the numbers of the paragraphs. This can not be done. *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894, 900 (38 S. E. 91); *Saliba* v. *Saliba,* 202 *Ga.* 791, 795 (44 S. E. 2d, 744). The remainder of count two is wholly insufficient to allege grounds for the relief prayed, and the court erred in overruling the general demurrer thereto.

4. Upon the defendant in error's request, an amendment to the petition therein referred to and ordered up by the court was allowed and filed after the judgment complained of here was rendered, and, therefore, it can not be considered by this court and must be stricken from the record and the cost thereof assessed to the defendant in error. Code, § 6-810 (2); *Sikes* v. *Hurt & Cone,* 18 *Ga. App.* 197 (89 S. E. 181); *Ga. Cane &c. Co.* v. *Corn &c. Co.,* 141 *Ga.* 40 (80 S. E. 318); *Pope* v.

*United States F. & G. Co.,* 193 *Ga.* 769 (20 S. E. 2d, 13).

5. On application of the foregoing rulings to the exception here to the judgment overruling the general demurrer to both counts of the petition, which sought to prevent a breach of the contract described in headnote (1) by injunction and to recover damages because of a threatened breach, it must be held that a cause of action to enjoin was alleged in count one, but count two alleged no cause of action, and, accordingly, the judgment as to count one is affirmed and as to count two reversed. But since the plaintiff in error has obtained a substantial alteration of the judgment excepted to, it is ordered that all costs of this review be paid by the defendant in error. *Ball* v. *Moore,* 181 *Ga.* 146 (182 S. E. 28); *Ross* v. *Rambo,* 195 *Ga.* 100 (23 S. E. 2d, 687).

*Judgment affirmed in part and reversed in part, with direction that the defendant in error pay the costs. All the Justices concur .*

No. 17531. SUBMITTED JULY 9, 1951—DECIDED SEPTEMBER 10, 1951.

*C. Wesley Killebrew* and *H. A. Woodward,* for plaintiff in error.

*Cohen & Cohen* and *Paul T. Chance,* contra.