34786. GEORGIA RAILROAD & BANKING COMPANY
*et al. v.* FLYNT.

Decided December 2, 1953—Rehearing denied December 16, 1953.

*Hawes Cloud, Lewis & Boyd,* for plaintiffs in error.

*Vaughn & Barksdale,* contra.

FELTON, J. 1. Wales T. Flynt sued Georgia Railroad & Banking Company, Atlantic Coast Line Railroad Company, and Louisville & Nashville Railroad Company for damages resulting from a fire, which burned over his land consisting of twenty acres of timber land and forty acres of pasture land, the fire allegedly being caused by the negligent operation of the defendants' train. The original petition was based on damages to specifics. An amendment sought to change the damages to diminution of the value of the land. Without objection by either side, the case was tried on the theory of diminution of value, and the court, by charge, submitted to the jury only the issue of diminution of value. Since this action of the court was unobjected to, the petition will be considered as having been effectively amended so as to strike all measures of damages except as to diminution of the value of the land. *Cowart* v. *McLarin,* 87 *Ga. App.* 253 (1) (73 S. E. 2d 507).

2. The defendants' renewed demurrers to the particular acts of negligence alleged against the defendants, on the ground that such allegations did not allege sufficient specific acts of negligence as would permit the defendants to properly prepare their defense, is without merit, and the court did not err in overruling them. By amendment the plaintiff alleged that the defendants were negligent in operating the train with defective spark-arresting equipment so as to allow sparks to be emitted therefrom; in failing to keep a proper lookout to prevent fire from spreading from the defendants' right-of-way onto the plaintiff's land, etc. These allegations were sufficient to notify the defendants of what specific acts of negligence the plaintiff was relying on to prove his case.

3. Special ground one of the amended motion complains that the court erred in overruling the defendant's motion for a mistrial, when the plaintiff, while testifying, made the following unsolicited remark, "It is not the first loss from the defendant railroad by fire in five or six years." Since this is not likely to recur in a retrial of the case, we do not rule on this point.

4. Special ground two of the amended motion complains that the court erred in allowing in evidence over proper objection the

following testimony by one of the plaintiff's witnesses: "After that train come up the road, exhausting and throwing fire, I went out there and looked." The court erred in allowing this testimony in evidence over objection. The witness testified that he did not see the train; therefore his statement as to the train "exhausting and throwing fire" was an opinion not based on facts (*Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370, 40 S. E. 239; *Harley* v. *Life & Cas. Ins. Co. of Tenn.,* 40 *Ga. App.* 171, 149 S. E. 76), and was clearly prejudicial to the defendants.

5. Special grounds three and four of the amended motion for new trial complain that the court erred in admitting in evidence over proper objection testimony as to what it would cost per acre to plant, fertilize, cultivate, and fence lespedeza, fescue, and clover on "average land" in the county. The court erred in allowing this testimony in evidence. If this evidence was introduced to show the value of the burned-over pasture land prior to the burning, it was not properly admitted for this purpose. First, this evidence was not tied in with any evidence as to the value of the land before and after burning; and, second, what pertained to "average land" in the county could have no bearing on the value of the plaintiff's land prior to the burning. If the evidence was introduced to show damage to the seed and hay crops growing, it was not properly admitted for this purpose because damage to specifics was not an issue in the case.

6. Special ground six of the amended motion complains that the court erred in charging the jury that they might find the defendants negligent in allowing combustible materials to be on the defendants' right-of-way, in that there was no evidence to authorize the jury to find that any combustible material on the right-of-way contributed to the burning of the plaintiff's land. The ground is meritorious. The defendants' evidence was to the effect that no combustible materials were on the right-of-way, the right-of-way having been cleaned off shortly before the fire. However, the plaintiff contends that his evidence shows that the fire did burn on the right-of-way, and that, in order for the fire to have burned thereon, combustible materials had to be present. Will Williams, one of the plaintiff's witnesses, who testified that he saw the fire start, testified: "The fire started inside the pasture, on the other side of the wire fence from where the

track is." This testimony is to the effect that the fire started on the plaintiff's land. Another of the plaintiff's witnesses, P. M. Morse, testified: "The fire was on the bank right opposite the railroad track. . . All I can attempt to say is that, when I passed, the fire was burning up close to the railroad about half a mile south of this crossing. . . The fire was, I would say, about ten yards from the railroad track." There was no evidence as to how wide the defendants' right-of-way was, and the jury was not authorized to find from Morse's testimony that the fire he saw was burning on the right-of-way. Lucile Riley, a witness for the plaintiff, testified: "It was burning not far from the railroad track, about the distance from here to the back. I know where the fence is. It was not quite right at the fence when I saw it; it had burned a piece from the fence. It was going down across the field when I saw it." This evidence would not authorize a jury to find that the fire started on the right-of-way. William H. Gregory, a witness for the plaintiff, testified: "I remember a fire that took place in February of 1952. I went down there to fight the fire. I saw where the fire had burned across on the railroad land at the fence." This testimony that the witness saw "where the fire had burned across on the railroad land at the fence" did not authorize the jury to find that the fire originated on the right-of-way or that the fire spread from the right-of-way to the plaintiff's land. Even if combustible materials were present on the defendants' right-of-way at the time of the fire, there was no evidence that such materials had any causal connection with or in any way contributed to or caused the burning of the plaintiff's land, and a charge that the jury might find the defendants negligent because of the presence of combustible materials on the right-of-way was error.

7. Special ground seven of the amended motion for new trial complains that the court erred in submitting by charge to the jury the question of damages due to the diminution of value to the pasture land. The ground is meritorious. While the plaintiff testified: "I would say it was damaged around $30.00 per acre for the 40 acres" (referring to the pasture land), he also testified: "I don't know the market value, I don't deal in pasture land. I couldn't say what the fair market value of the pasture land would be before the fire and after the fire." Where

a party offers himself as a witness in his own behalf, his testimony which is self-contradictory, vague, or equivocal is construed most strongly against him. *Tuten* v. *Atlantic Coast Line R. Co.,* 4 *Ga. App.* 353 (1) (61 S. E. 511); *Southern Ry. Co.* v. *Hobbs,* 121 *Ga.* 428 (1) (49 S. E. 294); *Steele* v. *Central of Ga. Ry. Co.,* 123 *Ga.* 237 (1) (51 S. E. 438); *Callaway* v. *Armour,* 208 *Ga.* 136 (2a) (65 S. E. 2d 585). There was no other evidence as to the diminution of the value of the pasture land. There being no competent evidence as to the diminution of the value of the pasture land, the court erred in submitting this issue to the jury.

8. Special ground five of the amended motion complains that the court erred in submitting a certain issue to the jury because the evidence did not authorize the charge. As the case is to be tried again and we do not know just what the evidence on this point will be in the new trial, this ground of the motion is not ruled on.

In view of the rulings made in divisions one and two of the opinion, the court did not err in overruling the objection to the plaintiff's amendment and the demurrers to the amended petition.

The court erred in denying the amended motion for new trial.

*Judgments reversed and affirmed as indicated in the opinion.*
*Sutton, C. J., and Quillian, J., concur.*