35398.   HENRY & HUTCHINSON, INC., for use, etc. *v.*
SLACK.

Decided January 4, 1955.

*Phillips, Johnson & Williams, Charles A. Williams,* for plaintiff in error.

*Weekes & Candler,* contra.

CARLISLE, J. ■ As we have related in the statement of facts, we are here concerned exclusively with the third count of the petition, which was added by amendment and to which there was no answer or plea. While the defendant answered counts one and two of the petition, the plaintiff struck the first count and the trial court directed a verdict for the defendant on the second count. Prior to the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444; Code, Ann. Supp., § 81-103), if a petition contained more than one count, such counts were treated as such completely separate and distinct entities of pleading that the allegations of one count could not even by reference be made a part of another count. *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (3) (38 S. E. 91) ; *Reid* v. *Bryant,* 208 *Ga.* 328 (66 S. E. 2d 826). A logical extension of that rule would seem to be that separate and distinct answers were required to be made to the various counts, as the Pleading and Practice Act of 1893 (Ga. L. 1893, p. 56; Code § 81-306) abolished the plea of "general issue," and averments in a petition which were not specifically denied were taken as true. *Smith* v. *Holbrook,* 99 *Ga.* 256 (25 S. E. 627). And while it is still the rule that all proper unequivocal allegations in a petition which are not denied by proper answer or plea are to be taken as admitted and need not be proved (*Jester* v. *Bainbridge State Bank,* 4 *Ga. App.* 469, 61 S. E. 926), this rule has been held to be inapplicable to allegations added to a petition by way of amendment, which are to be treated as having been denied generally and must be proved. *Hudson* v. *Hudson,* 119

*Ga.* 637 (46 S. E. 874); *Brown* v. *A. B. & A. R. Co.,* 131 *Ga.* 259 (62 S. E. 186); *Watson* v. *Barnes,* 125 *Ga.* 733 (54 S. E. 723).

Under the foregoing rules, the defendant's answers to counts one and two cannot be construed as answering count three, but the allegations of count three are to be treated as having been simply denied. *Hudson* v. *Hudson,* supra.

"Under a denial of the allegations in the plaintiff's petition, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." Code § 81-307. Under an application of the foregoing statute, the rule has been established by the Supreme Court that, even though there be evidence introduced on the trial of a case, without objection, which tends to establish an estoppel, *the defendant* may not avail himself of such estoppel unless it has been specially pleaded. *Hightower* v. *Blakely Hardwood Lumber Co.,* 163 *Ga.* 776 (137 S. E. 22); *Carter* v. *Carter,* 207 *Ga.* 460 (62 S. E. 2d 171), and citations. There was, as we have said, no answer or plea to count three of the petition; and while there was evidence from which the jury might have inferred the plaintiff's acquiescence in the sale and its consequent estoppel, in the absence of the plea of estoppel the defendant could not avail itself of it, and the trial court erred in charging the jury on the theory of estoppel as complained of in special grounds 4, 16, 17, 18, and 19, and the case must be remanded for a new trial.

■ In special ground 23 error is assigned upon the trial court's limiting, over objection, the time for argument to one hour in violation of Code § 81-1007. This ground of the motion is well taken, as by the provisions of the statute counsel in civil actions originating in the superior court are entitled as a matter of right to two hours on a side in which to argue, and the trial court has not discretion to limit the argument to one hour on a side. *Lovett* v. *Sandersville R. Co.,* 72 *Ga. App.* 692 (34 S. E. 2d 664).

■ Since the case must be remanded for another trial, the remaining assignments of error, which are unlikely to recur on the new trial, are not now considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*