36450.  HENRY & HUTCHINSON *v.* SLACK.

Decided June 12, 1957.

58

*Phillips, Johnson & Williams, Chas. A. Williams,* for plaintiff in error.

*Weekes & Candler, John Wesley Weekes,* contra.

FELTON, C. J. ■ Generally, when a petition is dismissed it carries the whole case, including the answer, out of court, provided no affirmative relief is sought in the answer. In the first instance, separate counts of a petition must be specifically and individually answered. In order for a party to amend a pleading there must be something to amend by. Notwithstanding all these propositions of law, where a third count is added to a petition by amendment, at a time when the first two counts and answers thereto were still in the case the elimination of the first two counts at a later date, together with the answers thereto, does not prevent an amendment to the answer adding the defense of estoppel to the presumptive denial of the allegations of the third count of the petition. At the time that count 3 was added by amendment, no answer to count 3 was necessary. It became the law of this case that "the allegations of count 3 are to be treated as having been simply denied." *Henry & Hutchinson* v. *Slack,* 91 *Ga. App.* 353, 356 (85 S. E. 2d 620). It has always been the law of this State that wherever the law presumes a sim-

ple denial of the allegations contained in a pleading, the law also presumes the right to amend at any stage of the cause although such denial was not in writing. In other words, an answer may be amended so long as the defendant is not in default. *Barrett* v. *Pascoe*, 90 *Ga.* 826 (17 S. E. 117). Prior to the pleading act of 1893, the law presumed an answer to a petition, although no answer was filed, where counsel for the defendant filed his name on the docket, and, such answer being presumed (though it was not in writing) it might be amended at any stage of the cause, and by the addition of any affirmative defense except those special pleas required .to be filed within thirty days. *Wall* v. *McNeil*, 20 *Ga.* 239; *Solomon & Son* v. *Creech*, 82 *Ga.* 445 (9 S. E. 165). In 1893, Code § 81-306 was added forbidding the filing of a plea of general issue to the petition, and from there on denials of the allegations of a petition were required to be in writing but the rule was unchanged that the defendant need not answer an amendment to the petition in order to gain the presumption of law that the allegations of the amendment are denied, so that the law as to answering amendments is the same now as formerly as to both petition and amendments—that is, when a defendant answers denying the allegations of a petition the law presumes a denial of allegations made by the plaintiff in an amendment to the petition and the defendant may amend at any stage of the cause with the exceptions hereinbefore noted. The answers to counts 1 and 2 were not stricken in the sense that they were out of the case as if they had never been filed. The fact that counts 1 and 2 had been answered inured to the benefit of the defendant in furnishing him an anchor to which a presumption of a denial of count 3 was attached. They were out of the case so far as counts 1 and 2 were concerned but were not out of the case, as above shown, as to count 3 and the defendant had a right to amend his answer by a plea not required to be filed in a special time limit, at any time before verdict. A plea of estoppel is an affirmative defense. *Hughes* v. *Cobb*, 195 *Ga.* 213, 231 (23 S. E. 2d 701). An affirmative defense may be allowed by amendment at any stage of the cause. *Case Threshing Machine Co.* v. *Donalson*, 12 *Ga. App.* 121 (2) (76 S. E. 1049). Where the law presumes a denial of the plaintiff's alle-

gations the law must also presume there is enough for the defendant to amend by. What the law regards as a pleading is a pleading regardless of whether the subject matter is in writing or not. The law does not require a piece of paper to effectuate its aims, intents and purposes. There can be an amendment by implication. *Ga. R. & Bkg. Co.* v. *Flynt,* 89 *Ga. App.* 315 (79 S. E. 2d 377); *Mills* v. *Jones,* 89 *Ga. App.* 502 (60 S. E. 2d 59). See also *Byrom* v. *Ringe,* 83 *Ga. App.* 234 (63 S. E. 2d 235).

■ The amendment was not filed too late. The general rule is that a pleading can be amended properly at any time before verdict. Code § 81-1312 provides: "An amendment to a petition, or plea, or answer, which materially changes the cause of action or defense, opens the petition, plea, or answer, as amended, to demurrer or plea. The opposite party shall be allowed a reasonable time for answering such amendment. An immaterial amendment shall not so open the petition or other pleading, and need not be answered at all, or shall be answered instanter." The expression in the above Code section to the effect that the opposite party shall be allowed a reasonable time for answering such amendment refers to a situation where the time for answering has expired and the filing of a material amendment gives the party a right to plead which he would not have otherwise had if no amendment had been filed. This would cover a case where the case was in default and the time for answering had expired and it would cover cases where the material amendment filed subjected the petition to special pleas, the time for the filing of which had expired. We do not think that the above Code section requires pleading to an amendment under any other circumstances than those just above cited. In view of what has been said in divisions 1 and 2, the court did not err in allowing the plea of estoppel as against the objection and demurrer that there was not enough to amend by or that the amendment was filed too late.

■ The plaintiff's objections and demurrer should have been sustained because the plea was without merit as a plea of estoppel. A plea of estoppel of the nature filed in this case operates only for the benefit of a bona fide purchaser without notice. *Brown* v. *Tucker,* 47 *Ga.* 485 (3). In his plea in the instant case

the defendant did not allege that he was a bona fide purchaser without notice nor did he allege facts to show such, and in the absence of such an allegation, the plea was not a good plea of estoppel and was subject to demurrer. *Groover* v. *Simmons*, 163 *Ga.* 778 (137 S. E. 237); *Carmichael* v. *Texas Co.*, 52 *Ga. App.* 751 (184 S. E. 397).

■ All of the proceedings subsequent to the allowance of the amendment were nugatory. The court erred in allowing the amendment setting forth an estoppel.

The case was considered by the court as a whole under the act of 1945.

*Judgment reversed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Quillian, J., concurs specially.*

QUILLIAN, J., concurring specially. While I concur in the judgment in this case I cannot agree with various views expressed by my distinguished colleagues in the majority opinion. My views are expressed in the following concurring opinion: 1. We first consider the plaintiff's exceptions and demurrer to the amendment allowed to the defendant's answer on January 24, 1955.

The amendment was a defense to count three of the petition to which no defensive pleadings had hitherto been filed since the count itself was introduced into the case by way of amendment on October 30, 1952.

On the previous appearance, *Henry & Hutchinson, Inc.* v. *Slack*, 91 *Ga. App.* 353, 355 (85 S. E. 2d 620) this court held: "While the defendant answered counts one and two of the petition, the plaintiff struck the first count and the trial court directed a verdict for the defendant on the second count. Prior to the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444; Code, Ann., § 81-103), if a petition contained more than one count, such counts were treated as such completely separate and distinct entities of pleading that the allegations of one count could not even by reference be made a part of another count. *Cooper* v. *Portner Brewing Co.*, 112 *Ga.* 894 (3) (38 S. E. 91); *Reid* v. *Bryant*, 208 *Ga.* 328 (66 S. E. 2d 826). A logical extension of that rule woud seem to be that separate and distinct answers were required to be made to the various counts, as the Pleading

■

and Practice Act of 1893 (Ga. L. 1893, p. 56; Code § 81-306) abolished the plea of 'general issue,' and averments in a petition which were not specifically denied were taken as true. *Smith* v. *Holbrook,* 99 *Ga.* 256 (25 S. E. 627)."

While each cause of a petition alleges a separate action, and answers made to several counts are to be construed as unrelated defenses, an answer to some count of the petition may ordinarily be amended by setting up an answer to another.

The office of an amendment is to add or substract from existing pleadings. There must be a structure of original pleadings to support the superstructure of amendments.

The defendant filed only two answers, one to count one and the other to count two of the petition. The answer to count one went out of the case months before the amendment was allowed when the count was stricken by the plaintiff. When a cause is dismissed the defenses interposed to it as a matter of course go with it, provided they are purely defensive, that is, do not set up grounds upon which affirmative relief may be granted the defendant. See *Thompson* v. *Thompson,* 199 *Ga.* 692, 695 (35 S. E. 2d 262) in which the petition was stricken and the answer to the petition went out of the case, and *Davenport* v. *Hardman,* 184 *Ga.* 518 (1) (192 S. E. 11), and *Spence* v. *Dyal,* 202 *Ga.* 739 (2) (44 S. E. 2d 658) in which the rule is applied. The defense to count one was purely defensive. Likewise, long prior to the advent of the amendment the answer to count two went out of the case when the count was disposed of by final adjudication. *Bedgood* v. *Stephens,* 200 *Ga.* 244 (36 S. E. 2d 793). "When the case was formerly before this court the judgment of the trial court was affirmed without direction or condition. As the result of that ruling, the 'case was entirely out of court,' and the superior court was without jurisdiction to entertain, or render judgment upon, a 'special plea' filed, as shown above, subsequently to the affirmance by the Supreme Court. *Central R. Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525); *Benning* v. *Horkan,* 123 *Ga.* 454 (51 S. E. 333); *Kehr* v. *Floyd,* 135 *Ga.* 424 (69 S. E. 550)." *Federal Investment Co.* v. *Ewing,* 166 *Ga.* 246, 247 (142 S. E. 890).

There being no answer to be amended, the plaintiff's objections and demurrer should have been sustained and the amendment disallowed.

■ If the pleading filed by the defendant on January 24, 1955, be considered a defense to count three of the petition, it came too late. Count three was introduced into the case by amendment on October 30, 1952, hence more than two years had elapsed before the defendant made any offer to plead to it. Code § 81-1312 provides: "An amendment to a petition, or plea, or answer, which materially changes the cause of action or defense, opens the petition, plea, or answer, as amended, to demurrer or plea. The opposite party shall be allowed a reasonable time for answering such amendment. An immaterial amendment shall not so open the petition or other pleading, and need not be answered at all, or shall be answered instanter." The words "reasonable time" must be given a reasonable and practical intendment. Defensive pleadings must be filed within thirty days from the time the original petition and process is served upon the defendant. Code § 81-201. There is an analogous situation in cases where it is held that when a bill of exceptions is tendered and returned to the plaintiff in error to be corrected in particulars designated by the trial judge the reasonable time allowed for the bill of exceptions to be corrected and again tendered should be no longer than the plaintiff was allowed by statute after the date of the judgment to which exception is taken to tender the original bill of exceptions to the judge. *Atkins* v. *Winter*, 121 *Ga.* 75, 76 (48 S. E. 717); *Bryant* v. *State*, 74 *Ga. App.* 223 (39 S. E. 2d 452). Thus it would seem proper to hold that no longer time should be allowed under Code § 81-1312 to answer a material amendment than is allowed to file defensive pleading under Code § 81-201 to the suit when originally brought.

Of course, the exigencies of each case may be considered in determining what is a reasonable time in which to plead to a material amendment, but where no reason appears why the defendant cannot as conveniently and promptly file an answer to an amendment as he could to the suit as originally brought, no longer time is properly allowed, and where, as in this case, no reason for any delay in pleading is shown, more than two years is longer than the reasonable time contemplated by Code § 81-1312 as the time in which the defendant may be allowed to answer an amendment to the petition.

But had there been an answer to which the defendant's purported amendment could attach or had it been allowable as an original defense to count three it would have availed nothing.

■ The two defenses that the amendment undertook to set up were the general issue and estoppel. If the plea of general issue had been allowable under our rules of pleading, the defendant under the rule provided under *Hoffman* v. *Franklin Motor Car Co.*, 32 *Ga. App.* 229, 230 (122 S. E. 896), already had the benefit of a general denial of count three without pleading to it at all. The amendment in an effort to plead estoppel alleged that the plaintiff corporation's officers and agents knew that the levy on the corporation's property had been made, were present at the sale of the same by the sheriff and made no objection to either levy or sale. The facts pleaded did not set up a good plea of estoppel. *Brown* v. *Tucker*, 47 *Ga.* 485 (3). All of the proceedings subsequent to the allowance of the amendment were nugatory, and no determination in the general grounds of the motion is required other than to hold that the evidence adduced upon the trial did not demand a verdict for the defendant nor a verdict in any certain sum for the plaintiff.