## HOWELL v. THE STATE.

1. An indictment for the unlawful sale of intoxicating liquor, contrary to the local option liquor law, need not allege that the sale was for a valuable consideration.

2. As has frequently been ruled, the failure to charge some other legal proposition applicable to the case is not available for an assignment of error on a charge in itself correct.

3. It was not error for the judge to give in charge to the jury sections 986 and 987 of the Penal Code, relating to the amount of mental conviction required to warrant a verdict of guilty.

4. Nor was it error for the court to instruct the jury that the accused was charged with the violation of the local option liquor law, and to read to them section 1548 of the Political Code relating to that law, and to charge them that peach brandy is an alcoholic liquor which if drunk to excess will produce intoxication.

5. A correct instruction as to the rules for weighing testimony and reconciling conflicts therein was not rendered erroneous by a failure to charge, in the same connection, the law as to the statement of the accused.

6. The assignment of error upon the instructions as to the evidence of good character was not meritorious.

7. The long excerpt from the charge, set out in the sixth ground of the amended motion for a new trial, was not "vague, uncertain, and confusing," nor did the court express therein an opinion as to what had been proved.

8. As to the prisoner's statement, the court read to the jury all of section 1010 of the Penal Code, except the last sentence. Such instruction was correct, and was not rendered erroneous by the failure of the court to tell the jury, in the same connection, that if they believed the statement they should acquit the accused, or by the failure to instruct them that they were the exclusive judges of the statement and authorized to give the accused the benefit of any part of it.

9. Where the charge of the court was full, fair, and substantially correct on all the issues in the case, the omission to instruct the jury as to the form of their verdict in the event they should find the accused not guilty was not cause for a new trial, when there was also an omission to instruct them as to the form of their verdict in the event they should find him guilty.

10. "An improper sentence is not a proper subject-matter of a motion for a new trial." *Truitt* v. *State*, ante, 657.

11. The evidence amply warranted the verdict, and the court did not err in refusing to grant a new trial.

Argued December 18, 1905.—Decided January 13, 1906.

Indictment for selling liquor. Before Judge Little. City court of Sparta. October 30, 1905.

*Hines & Vinson*, for plaintiff in error.

*R. W. Moore, solicitor*, contra.

FISH, C. J.   An indictment against Bill Howell charged that on a designated day, in a given county, he "did unlawfully sell" spirit-uous, malt, alcoholic, and intoxicating liquors, other than domestic wines, to named persons, contrary to the laws of the State, etc. The indictment was demurred to on the ground that it failed to charge that anything of value was paid for the liquor. The demurrer was overruled, and the accused excepted pendente lite. On the trial there was a verdict of guilty. The accused moved for a new trial, which was refused, and the case is here upon exceptions to the overruling of the demurrer and the motion for a new trial.

1. The Penal Code, §451, declares: "Any person violating any provision of the local option law as embraced in sections 1541 to 1550, inclusive, of the Civil Code, shall be guilty of a misdemeanor." Section 1548 of the Civil Code (Political) provides: "If a major-ity of the votes cast at any election, held as by this chapter provided, shall be against the sale, it shall not be lawful for any person within the limits of such county to sell or barter for valuable consideration, either directly or indirectly, or give away to induce trade at any place of business, or furnish at any other public places, any alco-holic, spirituous, malt, or intoxicating liquors, or intoxicating bitters, or other drinks which if drunk to excess will produce intoxication." While the statute makes it penal "to sell or barter for valuable con-sideration" the liquors therein described, we are clearly of opinion that the words "for valuable consideration" are merely surplusage. The manifest purpose of the statute is to make unlawful the sale or barter, either directly or indirectly, or the giving away to induce trade at any place of business, or the furnishing at any other public place, in a prohibition county, of the liquors mentioned.   "To sell property is, in the strict signification of the word 'sell,' to transfer it from one to another in consideration of a price paid or agreed to be paid in current money.  And the word 'sold' imports a consideration of price."  25 Am. & Eng. Enc. L. 284.   Bouvier's Law Dictionary defines a sale to be "An agreement by which one of two contracting parties, called the seller, gives a thing and passes the title to it, in exchange for a certain price in current money, to the other party, who is called the buyer or purchaser, who, on his part, agrees to pay such price."  Citing 2 Kent, 363; Pothier, Vente, n. 1.   "A sale, in the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent."  Five Per Cent. Cases, 110,

U. S. 471-478; Northern Pac. R. Co. *v.* Sanders, 47 Fed. 604-606.
"Sale" is a transmutation of property or a right from one man to
another in consideration of a sum of money, as opposed to barter,
exchange, and gifts.   Rapal. & L. Dict.   "A sale in its broadest
sense comprehends any contract for the transfer of property from
one person to another for a valuable consideration.   Century Dic-
tionary; *Cain* v. *Ligon*, 71 *Ga.* 694.   It is often used in a more
limited sense as embracing only those contracts which are founded
upon a money consideration.   In an act prohibiting the sale of in-
toxicating liquors the word 'sale' is to be construed in its broad
sense, and therefore includes what is commonly known as barter
and exchange." *James* v. *State*, ante, 72.   As there must be a
valuable consideration to constitute a sale, the words "to sell," in
section 1548 of the Political Code, considered by themselves, neces-
sarily mean to transfer the liquor for a valuable consideration.   It
follows that the demurrer was properly overruled.

2. On the trial the court instructed the jury as follows: "I
charge you  .  .  that you are authorized to consider evidence as
to the good character of the defendant.   No matter how conclusive
the other testimony may appear to be, the character of the accused
may be such as to create a doubt in the minds of the jury and to
lead them to believe, in view of the improbability that a person of
such character would be guilty of the offense charged, that the other
evidence is false, or the witnesses are mistaken; and you are author-
ized, if you believe that the defendant's character has been proven
to be such and so good as to lead your minds to the belief that all
the testimony for the State is false, or such as to make you have
a reasonable doubt of guilt, you should acquit him; but otherwise,
if you do not find such proof of character as to justify this course."
This charge was excepted to on the ground that "it took away from
the consideration of the jury the good character of the defendant
unless the jury should determine that the evidence is false, or the
witnesses are mistaken.   In other words,  .  .  that before they
could consider the good character of the defendant, they must at
first come to the conclusion that the evidence for the State is false
or the witnesses are mistaken, but if they come to the conclusion
that the evidence was false, they would not be authorized to con-
sider the good character of the defendant."   The exception was not

well taken. *Seymour* v. *State*, 102 *Ga.* 803; Rice on Evidence, Crim. §371.

3-11. The other assignments of error are sufficiently dealt with in the headnotes. *Judgment affirmed. All the Justices concur.*