## SINGER v. MIDDLETON.

1. A judgment rendered by a court of ordinary, appointing a guardian, based upon the return of commissioners under the Civil Code (1895), § 2573, reporting a person to be imbecile, etc., and as well the report of the commissioners, may be assailed in a proper proceeding, instituted for that purpose by the person for whom it was sought to have a guardian appointed, in the court which rendered the judgment, as to facts relied upon to show that such person had been afforded a hearing; and if it be shown that the person had not had his day in court, the judgment may be vacated, notwithstanding its recitals to the contrary.

2. In a proceeding to appoint a guardian for a person alleged to be imbecile, the statute (Civil Code (1895), § 2573) is to be strictly construed, and the provision that the person for whom it is sought to have a guardian appointed shall be "examined by inspection" by the commissioners is mandatory, and requires formal examination by the commissioners in a body.

(a) Where the uncontradicted evidence showed a failure to comply with the essential requirements of the statute in the manner of appointing a guardian for an imbecile, it was not erroneous, upon the trial of a case instituted for the purpose of setting aside the appointment of a guardian and the return of the commissioners, for the judge to direct a verdict in favor of the plaintiff.

3. In a suit making a direct attack upon a judgment appointing a guardian, of the character mentioned in the preceding headnote, where it appears that the judgment is void because of a failure to comply with the requirements of the statute according to a proper construction of it, an attack upon the constitutionality of the statute will not be considered.

4. Other assignments of error upon rulings of the judge upon questions raised by demurrer, and as to the allowance of amendments, and as to a refusal to continue or postpone the case, are not of such character as to require a reversal of the judgment, or elaboration.

FEBRUARY 23, 1911.

Guardianship—appeal. Before Judge Littlejohn. Stewart superior court. October 20, 1909.

*G. Y. Harrell, T. T. James,* and *O. J. Wimberly,* for plaintiff in error.

*Spence & Bennet, E. T. Hickey,* and *Hatcher & Hatcher,* contra.

ATKINSON, J. 1. A petition was filed in the court of ordinary to set aside a judgment of the ordinary appointing a guardian for the person and property of the petitioner, and also to set aside the return of the commissioners upon which the judgment was based. By consent the case was appealed to the superior court. One question raised was as to the jurisdiction of the court to set aside the judgment appointing a guardian and the return of the commissioners upon which it was based. A decision of this ques-

tion depends upon whether the judgment could have been set aside in the court of ordinary. If that court did not have jurisdiction to set aside the judgment, the superior court did not acquire jurisdiction on the appeal. *Austell v. City of Atlanta*, 100 *Ga.* 82 (27 S. E. 983); *Southern Railway Co.* v. *Born Steel Range Co.*, 122 *Ga.* 658 (50 S. E. 488); *Mulherin* v. *Kennedy*, 120 *Ga.* 1080 (6), 1081 (48 S. E. 437). A ruling sustaining the jurisdiction of the court is virtually made in *Davis* v. *Albritton*, 127 *Ga.* 517, where it was held that a judgment rendered by a court of ordinary, admitting to probate a copy of a lost will, may be attacked in a proper proceeding instituted for that purpose, by an heir of the testator, in the court which rendered the same, as to the facts necessary to give the court jurisdiction, on the ground of fraudulent misrepresentation of such facts by the party obtaining the judgment; and that if it be shown that the necessary jurisdictional facts did not exist, the judgment will be vacated, notwithstanding it may recite that they did exist. See also *Tucker* v. *Harris*, 13 *Ga.* 1 (58 Am. D. 488). Civil Code, §§ 5368, 5373. The proceeding to have a guardian appointed was under the Civil Code, § 2573, as amended by the act of 1901 (Ga. L. 1901, p. 38). The judgment of the ordinary was based upon a return of commissioners, which recited a compliance with the statute, among other things, in regard to the commissioners having organized and examined by inspection the person for whom it was sought to have a guardian appointed. In the application to set aside the judgment the truth of these allegations was denied, it being alleged, on the contrary, that there was no organization of the commissioners, and that they did not examine the petitioner by inspection, and that she was not aware of the proceeding, and was not afforded the opportunity of a hearing; whereupon it was asserted that the return of the commissioners was a fraud, and that the judgment appointing a guardian based thereon was void. If these allegations were true, the applicant in the motion to set aside the judgment was not afforded a hearing, and, not having had her day in court, should be allowed to go behind the judgment for the purpose of impeaching it. The case is different in character from the cases involved in the rulings cited, but in principle it is controlled by them. The case of *Neal* v. *Boykin*, 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237), also furnishes a precedent somewhat in point,

but that case involved a judgment of the court of ordinary appointing an administrator on an estate, and was based on the Civil Code (1895), § 4232, par. 2, the language of which is different from that employed in paragraphs 5 and 9, relative to the appointment of guardians and issuing commissions of lunacy, and also different from paragraph 1 of the same code section relative to the probate of wills, that being the subject under consideration in the case of *Davis* v. *Albritton,* supra.

2. The principal question is whether, under the pleadings and evidence, a verdict should have been directed setting aside the judgment appointing a guardian.    There was no evidence that the person for whom it was sought to have a guardian appointed was informed that there would be proceedings to have a guardian appointed, or that such were in progress, nor that she attended any meeting of the commissioners appointed to inquire into her condition, nor that they formally organized and visited her in a body and examined her by inspection; but the uncontradicted evidence expressly negatived all such facts and showed affirmatively that no formal proceeding was had.    It was contended by the defendant that the law had been sufficiently complied with, as there had been service of notice upon the three nearest relatives of the person for whom it was sought to have a guardian appointed, and the commissioners consisted of the family physician and near neighbors, who knew her condition without going into a formal examination; and, moreover, that the ordinary and the applicant for the commission visited the contemplated ward at her residence and obtained her consent to have the applicant manage her affairs.    The evidence tended to show the existence of these circumstances, but they were not sufficient to show compliance with the statute.    The ordinary and the applicant for the commission did converse with the contemplated ward, but the conversation related merely to the creation of an agency, and did not suggest the appointment of a guardian on account of her alleged mental or physical imbecility. The statute is to be construed strictly.    *Morton* v. *Sims,* 64 *Ga.* 298.    And the provision that the commissioners shall "examine by inspection" is mandatory.    See, in this connection, *Reagan* v. *Powell,* 125 *Ga.* 89 (53 S. E. 580).    By the uncontradicted evidence the return of the commissioners was impeached, and afforded no valid ground for a judgment by the ordinary appointing

a guardian. Accordingly, it was not erroneous to direct a verdict setting it aside.

3, 4. The rulings announced in the third and fourth headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur.*