### SAFFOLD *v.* ANDERSON, administrator, *et al.*

1. Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient, or peculiar circumstances render proceedings in equity more suitable and just. But in the absence of such peculiar circumstances, and where the remedy at law is sufficient, equity will not take jurisdiction.
2. Where there is more than one count in a declaration and one of the counts fails to set forth a cause of action, it should be stricken upon demurrer, unless amended; and allegations in other counts can not be relied upon to cure the insufficiency in a count attacked by demurrer, unless some parts of the other count are by reference thereto incorporated in the count demurred to.
3. As to the realty involved in this suit, which is one for partition and injunction, the court properly held that under the allegations in the second count of the petition the petitioner had no interest therein, and consequently could not maintain a suit for partition and injunction. And as to the personalty, consisting of silverware and jewelry of the testatrix, there is no reason why it should not be administered in the usual and ordinary way.

No. 5397.     JUNE 23, 1926.

Equitable petition. Before Judge Park. Morgan superior court. March 2, 1926.

A. R. Saffold filed his equitable petition against Marvin E. Anderson as administrator of Mrs. Annie S. Anderson, deceased, and others, the suit being for partition and for injunction to re-

---

Partition, 30 Cyc. p. 171, n. 63.
Pleading, 31 Cyc. p. 123, n. 3, 6; p. 326, n. 46; p. 328, n. 51.
Wills, 40 Cyc. p. 1446, n. 5.

strain the sale of certain timber upon the land of the Saffold estate. The petitioner afterwards amended by striking the name of Marvin E. Anderson as administrator and by adding certain other parties. The petition is divided into two counts. Count one, after a statement as to the parties plaintiff and defendant and the residences of each, as well as a description of the realty involved in the case, is as follows: "Plaintiff is a son and heir at law of T. P. Saffold Sr., deceased, who died on January 18, 1891, and each of the other defendants herein named is a child and heir at law of said T. P. Saffold Sr., deceased, except Marvin Anderson, who as administrator of his mother stands as such administrator in place of his deceased mother, who was a daughter and an heir at law of said T. P. Saffold, deceased. T. P. Saffold, deceased, died seized and possessed of seven and one half acres of lot of land No. 352, in the southeast corner upon which the Saffold residence stands, lots Nos. 350 and 351, and the west half of No. 349 in the 4th land district, two hundred and seventy-ninth (279) militia district of Morgan County, Georgia, known as the T. P. Saffold place near the Town of Buckhead in said Morgan County. Since the death of T. P. Saffold his widow, Mrs. Sarah Saffold, has died. The debts of T. P. Saffold have all been settled, and his estate is not indebted, and the heirs at law are all sui juris and laboring under no disabilities. Plaintiff, being one of the heirs at law of said deceased, brings this his equitable petition for partition, and prays that his rights as an heir at law be set up and determined, that he have a verdict and decree that he and each of the other defendants herein are tenants in common of said described lands holding under their deceased father, T. P. Saffold Sr., deceased, and that partitioners be appointed by the court as commissioners to inspect said lands and either divide the same amongst the heirs at law of T. P. Saffold Sr., deceased, or, if that should be impossible, that said entire tract of land be divided up to the best advantage and sold, and the funds arising from such sale be divided out among the heirs at law of said T. P. Saffold, deceased." At the end of the second count the prayers of the petition, in addition to those that follow the first count as set forth above, are for injunction against the cutting of any timber on the lands, against selling, leasing, or making any trades by which the timber may be cut.

In the second count petitioner alleges that he is a child of Mrs. Saffold, who died seized and possessed of certain described lands, the lands described being the same as the realty described in the first count; that prior to the death of his mother, she made a will, in which she directed that at the expiration of a stated period of time the lands be divided "among all her children who came within a certain class, to wit, who signed a quitclaim deed to certain other lands to the Scottish American ·Mortgage Company Limited," etc. The item of the will creating this class is item 5, and reads as follows: "At the expiration of said term of twenty years, or the remainder of said term, I want said realty divided between my children whose names appear on a quitclaim deed made to the Scottish American Loan Company, *per capita*, and the children of such, should they have any, *per stirpes*." And it is further alleged that, "While plaintiff did not sign the same deed that the other children signed, he in fact signed a quitclaim deed to the same lands described in ·the deed that the other children signed, prepared by the attorney of said Scottish American Mortgage Company, long prior to the execution of said will on May 27, 1903, and is therefore within the qualified class mentioned in said will, and is entitled to a one-sixth interest in and to said lands." It further appears from the petition that Mrs. Anderson qualified and took possession of the land under the will; and that the same was duly probated in the court of ordinary of Morgan County. The averments in the petition are then followed by others as to a succeeding executor, and the allegation that there is no power given in the will for a single executor to make division of the estate. Description of the timber upon the land and allegations as to its value are also contained in the petition.

An amendment to the petition was filed, which contains, among other allegations, a statement that certain other named persons are necessary parties defendant to the suit, and prays for service upon them. It also contains allegations as to certain articles of personal property, silverware, and jewelry belonging to the estate. It prays that the heirs and legatees who took possession of certain parts of this personalty be required to account to the executor for the same.

To this petition a demurrer was filed; and after hearing argument the court sustained the demurrer and dismissed the peti-

tion. Prior to the hearing upon the demurrer, the court heard the petition for injunction, and at the hearing evidence was submitted. Taking the pleadings and evidence under consideration, the court refused an injunction. To the judgment refusing an injunction and to the judgment sustaining the demurrer the plaintiff excepted.

*H. B. Moss,* for plaintiff.

*Shackelford & Shackelford,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. It is manifest from a reading of the first count of this petition that it sets forth no grounds for the intervention of a court of equity in this matter of partition. An application for statutory partition, so far as the facts are shown, would be ample. If in any respect statutory proceedings would not be ample, equity might intervene. The statute provides that equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render proceedings in equity more suitable and just. Civil Code, § 5355. But no peculiar circumstances are here set forth. "Equity will not take cognizance of a plain legal right, where an adequate remedy is provided by law." Civil Code, § 4538. This provision of the law is applicable to partition proceedings, and it is applicable in this case, though it would not be applied if there were peculiar circumstances making equity intervention proper under our law.

2. It is equally manifest that the first count does not set forth any ground for the exercise of equitable jurisdiction to restrain waste or trespass; and we can not look to the allegations of the second count to make complete the defects in the first count. Each count in the petition must be complete in itself, and each must state a case complete in itself. If reference in one count is made to certain statements in another count and adopted as a part of the former, it might perhaps be sufficient to transfer the parts of the second count to the first. But no such references are made here, and as stating a case the first count must stand alone by itself.

3. The second count of this petition treats the land involved as belonging to the estate of Mrs. Sarah Saffold, the mother of petitioner. Mrs. Sarah Saffold died leaving a last will and testament. In that will she directed that at the expiration of twenty

years from May 27, 1903, a period of time which had expired when this suit was brought, the lands devised be divided among all her children who came within a certain class, to wit, those falling within the provisions of item 5 of the will, which reads as follows: "At the expiration of said term of twenty years, or the remainder of said term, I want said realty divided between my children whose names appear on a quitclaim deed made to the Scottish American Loan Company, *per capita,* and the children of such, should they have any, *per stirpes."* The plaintiff in this case does not fall within the class of legatees created by the item of the will quoted. He seeks to bring himself within that class by alleging, that, "While plaintiff did not sign the same deed that the other children signed, he in fact signed a quitclaim deed to the same lands described in the deed that the other children signed, prepared by the attorney of said Scottish American Mortgage Company, long prior to the execution of said will on May 27th, 1903, and is therefore within the qualified class mentioned in said will, and is entitled to a one-sixth interest in and to said lands." The fact that he executed a quitclaim deed to the land something like a year after the other heirs had signed the paper referred to in item 5 did not bring him within that class. The will was executed long after the date upon which the plaintiff alleges that he signed the quitclaim deed; but when the testatrix came to make the will she made only those who had signed the prior quitclaim deed the objects of her bounty. It may be that his having executed this quitclaim deed was for a consideration to himself or for the benefit of his mother, but she did not recognize it as entitling him to participate with her other children in the division of the estate. Consequently the plaintiff shows no such interest in the land belonging to the estate of his mother as entitles him to an injunction against the sale of it or against the cutting of timber upon it.

As regards the allegations that there were valuable articles of silverware and jewelry belonging to the testatrix, there is no reason why the administration should be removed from the ordinary tribunal. Hence the court did not err in dismissing the petition upon demurrer. Having held that the court did not err in dismissing the petition upon demurrer, it follows that there was no error in refusing an injunction.

*Judgment affirmed. All the Justices concur.*