20300. HARRIS *v.* THE STATE.

DECIDED APRIL 15, 1930.

*M. B. Eubanks,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J. The indictment in this case contains two counts, the first count charging that Lester Harris did on July 13, 1929, sell "home-brew" which was manufactured wholly or in part from malt, or of which maltose was a substantial ingredient; and the second count charging that the defendant did on said date "sell a certain

beverage commonly known as 'home-brew,' the same being an imitation of or intended as a substitute for beer, ale, wine, or whisky, or other alcoholic malt, spirituous, or vinous liquors." The exception here is to the judgment overruling the motion for a new trial, based upon the usual general grounds and certain special grounds.

The testimony introduced by the State to show the alleged sale was that of Henry Morgan. It was as follows: "I know the defendant. On the date set forth in the indictment I went to a barbecue about a mile and a half north of Trion, in this, Chattooga County. The barbecue was given by defendant. It was just after dark, or about dark. I asked the defendant to sell me some home-brew. He told me where to go and get it. It was out in the woods a short distance from where they were having the barbecue, some ten or fifteen steps; and I went out there, and the home-brew was in a tow sack lying on the ground. I opened the sack, and just as I got a bottle out of the sack and straightened up the officers nabbed me and took the bottle I had and the rest of the home-brew in the sack. It was home-brew; it would make a fellow drunk. It was a drink manufactured from malt and in which maltose was one of the ingredients, and in imitation and used as a substitute for beer and liquor. I did not pay defendant for the home-brew; he did not tell me what I had to pay."

"A sale in its broadest sense comprehends any contract for the transfer of property from one person to another for a valuable consideration. Century Dictionary; *Cain* v. *Ligon,* 71 *Ga.* 694 (51 Am. R. 281). It is often used in a more limited sense as embracing only those contracts which are founded upon a money consideration. In an act prohibiting the sale of intoxicating liquors the word sale is to be construed in its broad sense, and therefore includes what is commonly known as barter and exchange. *James* v. *State,* . . [124 *Ga.* 72]. As there must be a valuable consideration to constitute a sale, the words 'to sell,' in section 1548 of the Political Code [of 1895], considered by themselves, necessarily mean to transfer the liquor for a valuable consideration." *Howell* v. *State,* 124 *Ga.* 698, 699, 700 (52 S. E. 649).

Of course, a sale may be for credit as well as for cash, but in the instant case it affirmatively appears that no price was mentioned, no cash paid, and nothing whatever said about paying for the home-brew. Some sort of consideration was essential to show a sale, and

**326**

none was proved. Wherefore, we are constrained to hold that the court erred in overruling the general grounds of the motion for a new trial. Since the two special grounds allege errors which will not likely recur in the event the case is tried again, we deem it unnecessary to discuss them.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*