34450. HARRIS v. CITY OF ADEL.

Decided May 14, 1953.

.*Copeland & Converse, McCall & Griffis,* for plaintiff in error. *Edward Parrish, Wright & English,* contra.

WORRILL, J.   A. L. Harris sued the City of Adel for damages because of the diminution in the value of his home, alleged to have resulted from the erection and maintenance by the city of a nuisance in a malfunctioning sewage "lift station" across the street from the plaintiff's home, such nuisance causing the creation of noxious odors which were wafted by the winds from said "lift station" over and through the plaintiff's home, rendering the same less desirable as a place of habitation than formerly.   During the progress of the trial the plaintiff sought to amend his petition by the addition of a second count, alleging the maintenance of a nuisance in the disposal of sewage from the same system in a sluggish stream near the plaintiff's home, which stream was alleged to be too sluggish to properly carry the sewage away, resulting in the accumulation of sewage and waste in the said stream near the plaintiff's home, which accumulation was alleged in the proffered amendment to give off noxious odors which were wafted by the winds over and through the plaintiff's home, rendering the same less desirable as a place of habitation than formerly.   The defendant filed written objections to the allowance of the amendment.   The trial court entered an order disallowing the amendment without stating therein the grounds of the disallowance.   Thereafter the case proceeded to trial, and after the introduction of evidence by both the plaintiff and the defendant the court directed a verdict for the defendant.   The exceptions here are to the order directing the verdict and to the order disallowing the amendment.

█ Assuming that the allegations of one count of a petition can be imported to another count to cure defects therein (as intimated in *Saffold* v. *Anderson,* 162 *Ga.* 408 (2), 134 S. E. 81), no attempt was made to incorporate into the second count, sought to be added by the rejected amendment, any of the allegations of the other count.   It is fundamental that each count of a petition must be complete in and of itself, and that a count of the petition which fails to set forth all the elements of a cause of action is subject to general demurrer.   *Atkinson* v. *Bullard,*

14 *Ga. App.* 69, 70 (80 S. E. 220). The second count thus sought to be added was defective, in that it did not allege any facts showing the diminution in the value of the plaintiff's property resulting from the alleged nuisance. For this reason that count was subject to demurrer, and the trial court did not err in rejecting the amendment.

While the plaintiff introduced evidence of the value of his home prior to the creation of the alleged nuisance by the defendant, there was no evidence whatsoever as to the value of the plaintiff's home after the creation of the nuisance, no evidence from which the jury could have arrived at any figure representing the damages sustained by the plaintiff. Furthermore, the petition seeks damages merely for the permanent diminution in the value of the plaintiff's home resulting from "a continuing, unabatable, permanent nuisance," but the evidence in the case was uncontradicted that, while the sewage lift station had at one time been allowed to overflow and create foul and noxious odors, which for the time being may have rendered the plaintiff's home untenantable, such condition was merely a temporary one that had not recurred since this one time, and that the defendant had taken steps to see that such happening would not recur in the future, and that at the time of the trial there was nothing wrong with the lift station and no such noxious odors were being emitted. Under these circumstances, the trial court properly directed a verdict for the defendant.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*