19791.   SEAY *v.* SEAY.

Submitted September 9, 1957—Decided October 15, 1957.

*Frank F. Faulk, Jr., David C. Campbell, Jr.,* for plaintiff in error.

WYATT, Presiding Justice. ■ The plea of res adjudicata with reference to the partnership business, a cafe known as Gray's Cafe (now South Grand Terrace), was properly overruled. In the former divorce suit, no accounting as between partners was sought or passed on. The pleadings in that case, and especially paragraph XIV, which are in the record in this case, show clearly that Nora McCarthy Seay sought in that case to have awarded to her as alimony the one-half interest of Howard Seay in the partnership. She seeks now to have an accounting with reference to her own property, not to recover anything belonging to Howard Seay. The jury did not in the divorce case award to Nora McCarthy Seay the interest of Howard Seay in the partnership, but this can not be construed to be any determination as to the obligations between partners, that not being a question which could properly have been before the jury. The judgment overruling the plea of res adjudicata was not error.

■ It is next contended that it was error to exclude from evidence upon the hearing on the plea of res adjudicata an affidavit by the foreman of the jury in the divorce case between these parties, to the effect that the partnership agreement and an appraisal of the value of the partnership was in evidence in the divorce case. There is no merit in this contention. Assuming,

without deciding, that such an affidavit would ever be admissible, it was not error to exclude the affidavit in the instant case, because it was not relevant to any issue in the plea of res adjudicata. The affidavit, if admitted, would have proved only what the pleadings show—that the agreement and the appraisal were introduced for the purpose of allowing the jury to decide upon an award of alimony to Nora McCarthy Seay. This has no connection whatsoever with the issues before the court on the plea of res adjudicata.

■ The general demurrer and special ground numbered 1 raise similar questions, and will be considered together. The partnership agreement, which is attached as an exhibit to the petition, provides that "This copartnership is to be continued until dissolved by mutual consent." Nowhere in the petition is it alleged that the partnership has continued or that it has not been dissolved by mutual consent in accordance with the terms of the agreement. There are allegations in the petition which would indicate that the petitioner is wholly ignorant as to the operations of the partnership. The agreement provides that each partner is to give his or her whole time to the business of the firm. It is apparent from the allegations of the petition that the petitioner has not done so. Whether this has resulted because the partnership has been dissolved, or from some act of the defendant, or from the failure of the plaintiff to comply with her agreement, or whether she has some legal excuse for failing to comply with her agreement, does not appear from the petition. Therefore, construing the petition most strongly against the pleader, as must be done, it appears either that the partnership has been dissolved or that the petitioner has wilfully and deliberately failed to comply with the terms of the partnership agreement and is not entitled to equitable relief. The petition, therefore, fails to set out a cause of action for the relief sought, and the judgment of the court below overruling the general demurrer and ground 1 of the special demurrer was error.

■ The remaining grounds of the special demurrer have been examined and found to be without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur.*