19967, 19979. LANCE *v.* BOROUGHS; and *vice versa.*

MOBLEY, Justice. When this case was here before (*Boroughs v. Lance,* 213 *Ga.* 143, 97 S. E. 2d 357), seeking to cancel a decree registering title to the land involved, in favor of the defendant, and to compel the defendant to quit-claim to plaintiff all title and claims thereto acquired under a tax deed dated January 9 1946, this court held that—since no attack was made against the tax sale, and the petition showed that the right of redemp-

tion was foreclosed on May 27, 1950, and failed to show that plaintiff had any interest in the land when his suit was filed or when the decree registering title was entered—the petition failed to allege a cause of action for any of the relief sought. Before the remittitur was entered in the trial court, the plaintiff offered an amendment amending the original petition and adding two additional counts thereto, which over objections was allowed filed. In a cross-bill, the defendant excepts to the refusal to strike said amendment upon his motion, and by the main bill the plaintiff excepts to the order sustaining all of the defendant's demurrers and dismissing the petition. *Held:*

1. "Where the trial judge has overruled a general demurrer and his judgment is reversed by the reviewing court, the plaintiff may, before the remittitur from the reviewing court is made the judgment of the trial court, amend his petition as if no judgment had been rendered; otherwise where the reviewing court affirms a judgment sustaining a general demurrer." *Milton* v. *Milton*, 195 *Ga.* 130(1) (23 S. E. 2d 411), and cases cited. The amendment in this case, adding new and additional facts and adding two additional counts to the petition, was not subject to the criticism applicable in *Wilson* v. *Missouri State Life Ins. Co.*, 184 *Ga.* 184 (190 S. E. 552), where the offered amendment simply sought to amplify the grounds of the original petition, which had been held by this court to be insufficient in law to state a cause of action. It was not error to allow the amendment to the petition.

2. The original petition, treated here as count I, is still subject to the same objection pointed out in our former decision. This count shows that the property was sold for taxes in 1946, and the right of redemption foreclosed in 1950, and no attack is made against the sale. The plaintiff's allegation of ownership is negatived by the facts alleged in the petition, and he fails to show that subsequently to the sale he acquired any interest in the property or that he now has any interest therein sufficient to support his prayers for cancellation of the decree of August 31, 1955, registering title in the defendant. The demurrer to count I was properly sustained.

3. In count II of his petition, the plaintiff contends that the tax sale made in 1946 was null and void for stated reasons. However, in this count the plaintiff fails to allege that he is the owner of the property involved or to allege any facts showing

his ownership therein. Each count in a petition must be complete in itself, and each must state a complete cause in itself without being aided or harmed by reference to another. *Saffold* v. *Anderson*, 162 *Ga.* 408, 412 (134 S. E. 81); *Bass* v. *Seaboard Air Line R. Co.*, 205 *Ga.* 458, 459 (53 S. E. 2d 895). Even if the tax sale were null and void for reasons alleged, the plaintiff fails to show that he is entitled to attack the sale and have title to the property decreed in him. The demurrer to count II was properly sustained.

4. In count III the plaintiff sets forth additional allegations, which he relies upon to show that the tax sale in 1946 was null and void. This count contains a paragraph reading as follows: "Plaintiff in this count III adopts all of the allegations contained in his original petition and petition as amended and specifically adopts Paragraphs (1), (2), (3), (4), (5), (6), (7), (8), (9), and' (10) of Count II and alleges same as a part of this count." Prior to the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 441), paragraphs of one count in a petition could not be incorporated and made a part of another count merely by reference thereto. *Cooper* v. *Portner Brewing Co.*, 112 *Ga.* 894(3) (38 S. E. 91); *Reid* v. *Bryant*, 208 *Ga.* 328(3) (66 S. E. 2d 826). By that act such a procedure was authorized, and Code (Ann.) § 81-103 now provides as follows: "All petitions in the superior courts for legal or equitable relief or both shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively. . . When a petition contains separate counts it is permissible for *paragraphs* of one count to be adopted in and made a part of another count merely by reference to the same." (Italics ours.) Under the plain wording of the act, when it is sought to add a part of one count to another by reference, the paragraphs to be added must be specifically referred to and adopted as a part of the latter count. A general statement that one count adopts "all of the allegations contained in [the] original petition and the petition as amended" is not a sufficient compliance with the act of 1953, so as to adopt any or all of the paragraphs of the original petition or petition as amended as a part of the added count. The confusion which would result from a contrary holding is plainly illustrated by this case, where, in the same amendment, two counts are added to the petition, paragraphs of the original petition are eliminated, substituted for, and additional paragraphs added. In such a case, neither the trial

court nor this court could with any degree of certainty ascertain whether the plaintiff was relying upon the original petition, including the paragraphs which were stricken by the amendment, as well as those which were added and substituted, or just exactly what the petitioner intends to include. Therefore, in considering count III, we must base our decision upon the paragraphs set out therein and paragraphs 1 through 10 of count II, which were specifically referred to and adopted as a part of count III. Thus considered, count III fails to allege a cause of action. This count, like count II, fails to allege or show any interest in the plaintiff in the land involved sufficient to support his prayers for relief. The trial court did not err in sustaining the demurrer to this count of the petition.

5. Since none of the counts of the petition alleged a cause of action, the trial court did not err in sustaining the defendant's demurrers thereto and in dismissing the petition.

*Judgments affirmed on both main and cross-bills of exceptions. All the Justices concur.*

ARGUED JANUARY 16, 1958—DECIDED FEBRUARY 10, 1958.

*Joseph J. Fine, D. W. Rolader,* for plaintiff in error.
*Edward D. Wheeler,* contra.