38478. HENDERSON v. STEWART *et al.*

TOWNSEND, Judge. 1. Count 1 of this three-count petition, seeking damages for the tortious acts of the defendants in preventing the plaintiff from cutting timber on land alleged to be rightly in his possession by virtue of a timber lease, sets out that the plaintiff has thereby received certain special damages; count 2 alleges facts for the purpose of showing the plaintiff has been generally damaged; and count 3 alleges that the trespass was wilful and malicious, entitling the plaintiff to punitive damages. The single prayer, following the third count, seeks the recovery of actual, general and punitive damages. A single ad damnum clause is usually sufficient in a multi-count petition, provided it follows the last count and is appropriate to each count preceding it. *Gaither v. Gaither,* 206 Ga. 808, 814 (58 S. E. 2d 834). Since general damages are presumed to flow from a tortious act (*Code* § 105-2006) a prayer for general damages is appropriate to each count of the petition regardless of whether any other class of damages sought therein is sustainable. Accordingly, none of the counts is subject to dismissal on the ground that there is no prayer for general damages and no other sustainable item of damage is pleaded.

2. *Code Ann.* § 81-103 provides in part: "When a petition contains separate counts it is permissible for paragraphs of one count to be adopted in and made a part of another count merely by reference to the same." However, the right to adopt a paragraph of another count by reference cannot be enlarged to include by reference matter contained in some paragraph not specified, or to include some or all allegations generally without reference to the paragraphs intended to be adopted. "Under the plain wording of the act, when it is sought to add a part of one count to another by reference, the paragraphs to be added must be specifically referred to and adopted as a part of the latter count." *Lance v. Boroughs,* 213 Ga. 834 (4) (102 S. E. 2d 167). Counts 2 and 3 of the petition fail to identify the timber which is the basis of the action. The plaintiff seeks damages only because of acts of the defendants which prevented him from cutting timber not identified except by an allegation that the defendants entered upon and forcibly evicted the plaintiff from "the

534

premises above described," with neither of these two counts containing such description. To sustain his cause of action it is necessary for the plaintiff to allege and prove the description of the lands upon which the timber is growing. *Weimer v. Cauble*, 214 Ga. 634, 637 (106 S. E. 2d 781); *Minor v. Fincher*, 213 Ga. 365 (99 S. E. 2d 78). The general demurrer to counts 2 and 3 was properly sustained for failure of the plaintiff to plead this matter.

3. Each of the counts was subject to general demurrer because the petition, construed as it must be against the pleader, fails to show that the plaintiff had a right to cut the timber in question so as to render one who prevented him from doing so liable in damages to him. It is unlawful to cut timber from uninclosed lands unless the person so doing has (1) on record, in the county where the land lies, a deed showing title to the lands, or (2) a written contract from some legal entity having such deed on record. *Code* § 26-3003. This case is not the same as one where a plaintiff alleges himself to be the owner of the land and sues because of a trespass by a third party which prevented him from cutting his timber therefrom. In such a case *Code* § 26-3003 might or might not be held to be an affirmative defense. Here the plaintiff alleges facts which conclusively show that he is not the owner of the timber and under a proper construction of the petition it affirmatively shows he is not the owner of the land. Accordingly, his right to cut the timber is derived from the rights and titles of two other owners, and under such circumstances, in order to state a cause of action for being wrongfully prevented from cutting the timber he must show a right in himself to cut it. To do this he must allege the owner of the land and the owner of the timber, as well as his contract with the latter, in accordance with *Code* § 26-3003, supra, in order to show his right to maintain this action. The land involved includes substantially all of 10 land lots in Clinch and Echols Counties and will be presumed to be uninclosed, there being no allegation that it is inclosed. The petition alleges that Clinch Livestock & Investment Company, Inc., owns certain timber on these land lots, and that the plaintiff entered into a lease contract with such company for the purpose of cutting it, and commenced to cut in accordance with the terms of the contract. That the plaintiff failed to allege his con-

tract was in writing would not be ground for general demurrer, since the silence of the pleader on this question raises no presumption that the contract was only in parol. *Anderson v. Hilton & Dodge Lumber Co.*, 121 Ga. 688, 690 (49 S. E. 725). But there is no allegation at all concerning the ownership of the lands, and it is a fair adverse inference that neither the plaintiff nor the company with which it contracted owned such lands, and even that one or both of the defendants had title thereto. The fact that before the institution of this action this plaintiff successfully sustained an action in a justice court against one of such defendants on a summons charging forcible entry and detainer (assuming, without deciding, that such judgment is valid and has been properly pleaded herein) established only that this plaintiff had a right of possession of the land in question. It established neither his ownership of the land nor his right to cut timber thereon. *Code* § 105-1604. In *Shaw v. Fender*, 138 Ga. 48 (4) (74 S. E. 792) it was held that the provisions of *Code* § 26-3003 would not prevent a defendant who had no written contract to cut timber, from nevertheless defeating an action against him for unlawful cutting by showing that the plaintiff had no interest in the timber to protect. Yet the present case presents the converse of that situation; the plaintiff's right of recovery must depend in the first instance, not on any lack of right to the possession of the property in the defendants but on his own right to go upon the land and cut the timber. The test of the sufficiency of a petition to withstand general demurrer is whether the defendants can admit all of the allegations pleaded and still escape liability. *Greene v. Johnson*, 71 Ga. App. 777 (32 S. E. 2d 443). This plaintiff has failed to allege that he is an owner of record of the land upon which this timber stands or that he is by privity of contract basing his right under any such owner of record; yet it is essential to his right to cut the timber that such fact exist. The burden is upon him to allege and prove every fact essential to his recovery. *Gulf Life Ins. Co. v. Davis*, 52 Ga. App. 464 (2) (183 S. E. 640). Properly pleaded allegations only are considered on demurrer, and mere conclusions are disregarded. *Field v. Brantley*, 139 Ga. 437, 441 (77 S. E. 559). The plaintiff's allegation that he was cutting the timber "in accordance with the terms of said contract" with Clinch Livestock & In-

vestment Company, Inc., is a mere conclusion which adds nothing to the petition, the contract not being pleaded, no connection being shown between the company and title to the land upon which the timber was growing, and the timber being at the time attached to the land and therefore realty. It follows that none of the counts of the petition set forth a cause of action, and the trial court did not err in dismissing it. *Judgment affirmed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED OCTOBER 5, 1960.

*Stewart & Goggins, J. E. B. Stewart, James O. Goggins,* for plaintiff in error.

*Noah J. Stone, Lee Hutcheson, Thomas O. Davis,* contra.