22943. TUCKER, by Next Friend v. TUCKER et al.
22944. STROTHER v. TUCKER, by Next Friend, et al. (cross bill).

ARGUED MAY 10, 1965—DECIDED JUNE 14, 1965—
REHEARING DENIED JULY 8, 1965.

*Marson G. Dunaway, Jr.,* for Shirley Tucker.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith, William W. Mundy,* for Strother and Hartford Accident & Indemnity Co.

*D. B. Howe,* for Charles E. Tucker.

MOBLEY, Justice. Mrs. Shirley Tucker, by next friend, alleging that she was mentally incompetent brought her petition as amended, in three counts against her husband, Charles E. Tucker, Sr., her guardian, and Hartford Accident & Indemnity Company, and John P. Strother. General demurrers were filed to each of the counts by each defendant. The exceptions are to the sustaining of the general demurrer filed by Hartford and Strother. So far as the record shows the demurrer filed by the husband has never been passed upon. By cross bill of exceptions, defendant in error, Strother, excepts to the judgment of the trial court overruling his general demurrer to count 2.

■ This proceeding arose out of an auto collision involving a car driven by Strother and one in which the plaintiff and her two children were passengers. Plaintiff was seriously injured and rendered mentally incompetent and permanently and totally disabled. Her six year old child was killed and another child injured. Hartford was liability insurer of Strother's car. Hart-

■

ford and plaintiff's husband, hereafter referred to as Tucker, negotiated a settlement of all claims for $90,000, $51,000 of which was in settlement of Tucker's claim, $25,000 for the plaintiff's injuries, $10,000 for the death of the child, and $4,000 for injuries of the other child.

The first count alleges fraud on the part of Tucker and Hartford, as a basis for the relief sought, which was an injunction to restrain Tucker from interfering with her mother's custody of plaintiff, to enjoin him from disposing of funds held by him as guardian, for appointment of a receiver to take charge of her funds held by him, and to set aside the settlement agreement entered into between Strother and her husband, as guardian, settling her claims for her injuries and for the death of her child.

First, we consider whether the allegations set out a cause of action based upon fraud such as would authorize the setting aside of the settlement agreement entered into between Tucker, as guardian, and Strother. The acts of Hartford in the matter were those of Strother, as it is alleged that Hartford was acting as agent of Strother. The basis of the demurrer is that the allegations as to fraud constitute conclusions of the pleader unsupported by allegations of fact. It is well settled that on general demurrer the petition will be construed most strongly against the petitioner (*Seay v. Seay,* 213 Ga. 570, 572 (100 SE2d 423)); that "the demurrer admits only the facts well pleaded," (*Dumas v. Burleigh,* 209 Ga. 241 (71 SE2d 545)); and, "Pleadings must state facts, and not legal conclusions; and fraud is never sufficiently pleaded except by the statements of the facts upon which the charge is based." *Great Eastern Cas. Co. v. Haynie,* 147 Ga. 119, 120 (92 SE 939) citing *Tolbert v. Caledonian Ins. Co.,* 101 Ga. 741, 746 (28 SE 991).

Measured by these principles, does the petition allege facts showing fraud upon the part of Tucker and Hartford perpetrated upon the plaintiff? These allegations allege a fraudulent scheme entered into by Hartford and Tucker to defraud the plaintiff. The material facts alleged are that it was undisputed that Strother's negligence was the cause of the injuries suffered by plaintiff and her child and the death of another child; that Hartford investigated the circumstances of the collision and determined that Strother was liable and that they would be required

to pay the damages; that Hartford learned that plaintiff's husband was anxious to settle the claims of his wife and his own for $90,000, provided he received $51,000 of that amount; that Hartford and Tucker knew that her claim was of much greater value than his, yet for pecuniary gain to each of them, they formulated and executed a plan to have Tucker appointed guardian of his wife and that as guardian he would settle the claim of his wife for $25,000 for her injuries, and $10,000 for her child's death, $4,000 for the other child's injuries, leaving $51,000 for payment to him personally in settlement of his claim; that pursuant to and in performance of that fraudulent scheme, Hartford prepared the application of Tucker to be appointed guardian of his wife, that by false representations made to the nearest of kin that this settlement was in her best interest, they waived the 10 days notice of hearing; that Hartford prepared the application of Tucker for guardian; that Tucker was appointed guardian, and Hartford prepared for Tucker an application to the ordinary for his approval of the settlement upon which they had agreed; that Hartford paid all the expenses of the proceedings in the court of ordinary; that they fraudulently concealed from the ordinary that Tucker had a conflict of claims and an adverse interest, in that the sum of $90,000 Hartford agreed to pay was in settlement of all claims, and the more the ordinary approved for his wife the less he would receive, and that the ordinary not being apprised of the guardian's adverse interest to that of his wife did not appoint a guardian ad litem to represent the ward, as is required by statute, and that the ordinary as a mere formality signed the order approving the settlement relying solely upon statements of Hartford and Tucker and their counsel.

This case is distinguishable from *New York Life Ins. Co. v. Gilmore,* 171 Ga. 894 (157 SE 188) relied upon by Hartford and Tucker for support of their contention that Hartford, acting for Strother, having paid the $90,000 in reliance upon a judgment of the court of ordinary will be protected, and this court will not look behind that judgment to determine whether all the formalities required of the ordinary in the appointment of the guardian and in approving the settlement agreed upon by the parties were performed. There the insurance company relying upon the judgment of the court of ordinary, naming a guardian,

paid to the guardian the amount it admittedly owed the guardian's ward. It dealt at arm's length with the guardian, had nothing to do with procuring the judgment of the court, and no fraud was charged against the insurance company in the matter. On the other hand, in this case Hartford and Tucker are charged with a fraudulent scheme to settle all claims made against Hartford for $90,000, which was to the pecuniary gain of Hartford, as the claims were of much greater value, provided $51,000 was paid Tucker, which was to his pecuniary gain, since the value of his claim was much less than those of the plaintiff. In other words, Hartford knowing that it could settle the claims for $90,000 which was to its pecuniary gain, only by paying Tucker $51,000, leaving only $25,000 for plaintiff's injuries, $4,000 for the injured child, and $10,000 for the deceased child, when it knew that plaintiff's claims were of much greater value than Tucker's, fraudulently acting for itself and at the same time as agent of Tucker, prepared the application for his appointment as guardian, prepared and submitted to the ordinary for his approval the settlement agreement between Hartford and Tucker and failed to apprise the ordinary of the conflicting claims and adverse interest of Tucker which required the appointment of a guardian ad litem to represent the ward (plaintiff). Having participated in the fraudulent procurement of the judgment of the court of ordinary, Hartford and Tucker would not be in position to rely upon that judgment, and plaintiff could go behind it and show that the judgment was void and should be set aside.

Code § 37-219 states: "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Code § 110-710 virtually restates the same rule. In Lester v. Reynolds, 144 Ga. 143, 144 (86 SE 321) involving a judgment by a court of ordinary granting a year's support it was held: "The superior court in the exercise of its equitable jurisdiction may set aside a judgment of the court of ordinary, procured by fraud, upon proper allegations and proof. The party seeking such relief is not compelled to move to set aside the judgment in the court of ordinary." See also Neal v. Boykin, 129 Ga. 676 (59 SE 912, 121 ASR 237); Fuller v. Dillon, 220 Ga. 36, 41 (1e) (136 SE2d 733); Hamilton v. Bell, 161 Ga. 739 (1a, b) (132 SE 83).

We are of the opinion that the petition states a cause of action to set aside the settlement agreement of plaintiff's claims made by Strother through his agent, Hartford, with Tucker as guardian of plaintiff and which was approved by the court of ordinary. "Where equity acquires jurisdiction for any purpose it will retain jurisdiction to give full and complete relief, whether legal or equitable, as to all purposes relating to the subject matter." *Fuller v. Dillon,* supra (1f). See also *Mendenhall v. Stovall,* 195 Ga. 492 (24 SE2d 795); *McCord v. Walton,* 192 Ga. 279 (14 SE2d 723). However, it appearing from the briefs that Tucker has been removed as guardian by judgment of the Superior Court of Polk County, it is not necessary for this court to determine whether the petition states a cause of action to enjoin the guardian from disposing of plaintiff's funds, for appointment of a receiver, and for other relief prayed for.

■ Count 3 which, by amendment included paragraphs 1 through 19 of count 1, embraces all the allegations of count 1 as to fraud perpetrated upon the plaintiff by the defendants, and alleges that the lunacy commission did not examine plaintiff, and that the letters of guardianship of plaintiff granted to Tucker are therefore void, and the settlement made by Tucker purporting to act as her guardian is void, sets forth a cause of action for the relief prayed, to wit, to set aside the letters of guardianship issued to Tucker as plaintiff's guardian and to set aside the settlement agreement between the parties. This is true first, for the reason that the petition alleges that the lunacy commission never examined the plaintiff, and second, because the petition alleges fraud in the procurement of the letters of guardianship and of the settlement agreement.

The failure of the lunacy commission to examine the alleged incompetent, the plaintiff here, constitutes a lack of notice to the alleged incompetent and is a denial of due process of the law. This court held in *Owenby v. Stancil,* 190 Ga. 50 (8 SE2d 7) that: "The notice [to the incompetent] contemplated by the statute . . . [*Code Ann.* § 49-604 (Ga. L. 1834, p. 343 through Ga. L. 1963, p. 526)] is the examination by the inspection of the alleged lunatic by the commission appointed by the ordinary." In *Singer v. Middleton,* 135 Ga. 825 (70 SE 662) it was held that where there is no such examination, petitioner may

go behind a judgment appointing a guardian and set it aside, and, at p. 827, that "the provision that the commissioners shall 'examine by inspection' is mandatory." See also *Georgia R. Bank &c. Co. v. Liberty Nat. Bank &c. Co.*, 180 Ga. 4 (177 SE 803); *Paul v. Longino*, 197 Ga. 110 (28 SE2d 286). *Code* § 110-709 provides: "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Here, under the allegations of this count, no notice was given to the plaintiff in the lunacy proceeding and the court of ordinary did not have personal jurisdiction of her, and the appointment of Tucker as guardian is subject to the attack by plaintiff that it was a mere nullity and void. *Adams v. Payne*, 219 Ga. 638, 639 (135 SE2d 423). Likewise, the settlement agreement is subject to the same attack because there could be no valid settlement of a ward's claim in the absence of a duly appointed guardian or anyone else authorized to act for the ward. See *Code* § 49-219; *Malpass v. Graves*, 111 Ga. 743 (36 SE 955).

The reasons set out in Division 1 as to count 1 of the petition explain why count 3 contains sufficient allegations of fraud as to the procurement of the letters of guardianship and the settlement agreement upon which to base an action for fraud and for the relief prayed for. The allegations in one count of a petition may incorporate by reference the allegations in another count. *Code Ann.* § 81-103 (Ga. L. 1893, p. 56; 1953, Nov. Sess., pp. 440, 444); *Lance v. Boroughs*, 213 Ga. 834 (4) (102 SE2d 167); *Henderson v. Stewart*, 102 Ga. App. 533 (117 SE2d 176). Count 3 of the petition explicitly incorporated paragraphs 1 thru 19 of count 1 which alleged fraud by the defendants in procuring the letters of guardianship and the settlement agreement.

■ Plaintiff in error excepts to the judgment of the court of February 2, 1965, sustaining the general demurrer of Strother to count 2 of the petition. The trial court erred in sustaining this demurrer because count 2 stated a cause of action for damages for injuries resulting from the negligence of Strother. The contention that count 2 is insufficient as the petition affirmatively alleges a settlement of the claims against Strother in other counts is without merit. Each count in the petition must

be complete in itself and must state a cause of action. *Lance v. Boroughs,* supra; *Bass v. Seaboard Air Line R. Co.,* 205 Ga. 458, 459 (53 SE2d 895). Count 2 did not allege that plaintiff's claims had been settled. The allegations contained in counts 1 and 3 relating to the settlement of certain of plaintiff's claims do not infect the allegations of count 2, which is to be treated as separate and distinct, since it does not incorporate the allegations of fraud in the other counts by reference thereto. *Lance v. Boroughs,* supra; *Millican Electric Co. v. Fisher,* 102 Ga. App. 309 (116 SE2d 311); *Porter v. Southern R. Co.,* 73 Ga. App. 718 (2a) (37 SE2d 831).

■ Defendant in error, Strother, in his cross bill, excepts to the judgment of the court of June 18, 1964, overruling his general demurrer to count 2 of the petition. The trial court properly overruled the general demurrer because as stated in Division 3, count 2 stated a cause of action for recovery by plaintiff of damages suffered by her caused by the negligence of Strother.

*Judgment reversed on the main bill and affirmed on the cross bill. All the Justices concur.*