42085, 42086.   LEITER v. ARNOLD   (two cases).

BELL, Presiding Judge.   1. The contract here was entered into prior to the effective date of the Uniform Commercial Code, and the then existing law governs it.   The checks sued on are negotiable instruments and their negotiability is not affected by the fact that many of them were postdated.   *Code* § 14-212; cf. *Code Ann,* § 109A-3—114.   A negotiable instrument is presumed to be based on a valid and sufficient consideration.   *Code* § 14-301; cf. *Code Ann.* § 109A-3—408.   In a suit on a check it is not necessary that consideration be alleged.   *Gainesville News v. Harrison,* 58 Ga. App. 744 (1) (199 SE 559).

Furthermore, the petition alleged that plaintiff had "sold" certain stock to the defendants in exchange for the checks sued on.   As used in this petition, the word "sold" must be considered in the light of the definitions accepted by this court in *Neuhoff v. Swift & Co.,* 54 Ga. App. 651 (188 SE 831), and *Friedsam v. Sawan, Inc.,* 103 Ga. App. 500, 504 (2) (119 SE2d 707) together with those approved by the Supreme Court in *Howell v. State,* 124 Ga. 698 (52 SE 649).

While it may be a matter of defense on the trial whether the stock was in fact delivered or tendered to the defendants, nevertheless when considered on general demurrer the petition is not defective by reason of a failure to allege delivery or tender of the stock as contended by defendants.

2. There is no merit in defendants' contention that the petition is fatally defective because it does not allege that the purchase of the stock was within the scope of the partnership business. This contention is not such a matter of defense as can be raised by a general demurrer.   This contention raises only a question of fact, which according to the Code must be raised by plea or answer.   Demurrers raise only questions of law. *Code* § 81-303.

3. Each of the checks in this case constituted a separate and distinct cause of action.   Although the plaintiff may exercise

the privilege of joinder accorded by *Code* § 3-113 and sue upon the checks in one action (*Mangham v. Hotel &c. Supply Co.*, 107 Ga. App. 882 (131 SE2d 853)), it is necessary that each of the causes of action be embraced in a separate count. See *Lance v. Boroughs*, 213 Ga. 834 (102 SE2d 167). The trial judge erred in overruling the special demurrer of each of the defendants objecting to the inclusion of the several causes of action in one count.

The judgment of the trial court in each case is affirmed on the general demurrer and is reversed on the special demurrers.

*Judgments affirmed in part; reversed in part. Jordan and Eberhardt, JJ., concur.*

ARGUED JUNE 10, 1966—DECIDED SEPTEMBER 22, 1966.

*Marvin O'Neal, Jr.*, for appellants.
*Arnold & Harris, Ross Arnold*, for appellee.