24102. WADE-CORRY COMPANY et al. v. MOSELEY.

FRANKUM, Justice. 1. Where, upon the trial before the judge, on stipulated facts, of an equitable proceeding (*Thornton v. Martin*, 116 Ga. 115 (42 SE 348)) brought to compel the de-

fendant corporation to transfer upon its books shares of corporate stock to the name of the plaintiff and to re-issue the certificate evidencing the same in the name of the plaintiff, it was stipulated between the parties that the certificate of stock in question was issued to a named individual; that the named individual had on March 14, 1958, in the presence of a notary public "sold, assigned, and transferred unto" the petitioner's mother all shares of capital stock represented by the certificate in question; that the petitioner's mother thereafter died leaving her property to the petitioner by will; that subsequent to the death of petitioner's mother and before the transfer of the shares of stock on the books of the defendant corporation, the original holder of the certificate signed a "stop-transfer order with bond attached" addressed to the defendant; and that after the death of the original holder of the certificate the petitioner tendered the stock certificate in question to the defendant with a request that it be transferred to the petitioner, which request was refused, a finding was demanded that the petitioner had legal title to the certificate in question and title to the shares of stock evidenced thereby. Nothing in Section 8-405 of the Uniform Commercial Code (*Code Ann.* § 109A-8—405) relating to the rights and duties respectively devolving upon the owner and issuing company in cases where securities have been lost, destroyed or stolen has any bearing on this case. The securities here involved, under the facts stipulated, were in none of those categories.

2. The contention of the appellants that the transfer of the stock to the petitioner's mother was not a bona fide transaction and that there was no consideration for the purported transfer is not sustained by the record since the stipulation was that the stock was "sold" to her by the original holder. The word "sold" imports a consideration. A sale is a transfer of property for a consideration either in money or its equivalent. *Howell v. State,* 124 Ga. 698, 699 (1) (52 SE 649). In the absence of some fact tending to indicate that the transfer was not a bona fide transaction, this language used in the stipulation demanded the finding that there had been a sale and transfer of the stock to the petitioner's mother.

3. The trial court, in passing upon all issues of law and fact did not err in decreeing that the petitioner, upon surrendering the certificate of stock in question, would be entitled to have

476

issued to him in his name the number of shares of stock in the defendant company represented thereby.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 12, 1967—DECIDED JULY 6, 1967.

*Dykes & Dykes, Wingate Dykes,* for appellants.
*Gerald Kunes,* for appellee.